Ex parte Richard M. CAMPOS.

No. 67276.

Court of Criminal Appeals of Texas, En Banc.

April 8, 1981.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an original habeas corpus proceeding pursuant to Art. 11.07, V.A.C.C.P. Petitioner was convicted of aggravated robbery and assessed a six year sentence. An appeal from this conviction was never pursued.

In his application for the writ of habeas corpus, the petitioner contends that he was denied effective assistance of counsel. Particularly he argues that Jesse B. Campos, an attorney, did not perfect his appeal although he was retained to do so. Petitioner's sworn statement to this effect appears in the record. The attorney's affidavit likewise appears in the record. The attorney maintains that he was retained for the purposes of securing petitioner's release on an appeal bond *only* and that he accomplished that objective. He states that at no time was he retained to appeal the cause.

Hence, at the outset, before we can determine whether the petitioner was denied effective counsel we must determine whether petitioner retained *any counsel*. We note that there is nothing to indicate that he was indigent during the time an appeal should have been pursued.

From the conclusory affidavits before us all that we can determine is that "controverted, previously unresolved facts which are material to the legality of the petitioner's confinement" existed at the time the convicting court considered and issued its findings of fact and conclusions of law in this matter. See Art. 11.07, Sec. 2(d), V.A. C.C.P. Hence, under this statute, it was the duty of the court to *"enter an order within 20 days of the expiration of the time allowed for the state to reply, designating the issues of fact to be resolved."* No such order designating those issues to be resolved by the trial court appears in the record. Neither does there appear any order requiring "affidavits, depositions, interrogatories, [or] hearings" to resolve the disputed issue at bar. Further, it does not appear of record that the trial court relied on "personal recollection" to resolve the issue. See Art. 11.07, Sec. 2(d), supra.

From this record we deduce, then, that the parties involved were not allowed the opportunity to present evidence to support or deny the controverted allegations in the application for a writ of habeas corpus. This procedure violates Art. 11.07, Sec. 2(d), and prevented the petitioner from discharging his burden of proof. See *Ex parte Ropollo*, 558 S.W.2d 869, 873.

The trial court's recommendation denying the writ of habeas corpus since "nothing in the record ... indicates that Jesse Campos was ever intended to be retained or made responsible ... for any phase of [this] cause ..." is simply not founded in the record before us. We are not bound by the findings, conclusions, or recommendations of the trial court. E.g. *Ex parte Ramirez*, 577 S.W.2d 261.

We therefore remand this cause with instructions to the trial court to proceed consistently with Art. 11.07, Sec. 2(d). The parties must be provided the opportunity to support or contest allegations amounting to ineffective assistance of counsel.

ROBERTS, J., concurs in the result.