Ex Parte Lawrence A. JARRETT,
Appellant.

No. 71923.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 21, 1994.

Opinion Denying Rehearing Feb. 8, 1995.

White, J., concurred in the result of original decision.

McCormick, P.J., dissented from original decision and filed opinion.

McCormick, P.J., and White, Mansfield and Keller, JJ., dissented from denial of motion for rehearing.

Lawrence A. Jarrett, pro se.

John B. Holmes, Jr., Dist. Atty., and Lynn Hardaway, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

BAIRD, Judge.

This is an application for writ of habeas corpus filed pursuant to Tex.Code Crim.Proc. Ann. art. 11.07. Applicant was convicted of possession of a controlled substance and sentenced to forty-four years confinement. The Court of Appeals affirmed. *Jarrett v. State,* 818 S.W.2d 847 (Tex.App.—Houston [1st] 1991, no pet.). Applicant contends he was denied effective assistance of counsel. Specifically, applicant alleges he was not notified by appellate counsel of the Court of Appeals' affirmance of the judgment of the trial court, thus depriving applicant of the opportunity to prepare and file a petition for discretionary review.

## I. THE FACTS

In an unpublished order, we originally remanded this case and ordered the habeas judge to make findings of fact as to whether applicant was informed that the trial court's judgment had been affirmed by the Court of Appeals and that applicant had the right to seek discretionary review from this Court. The habeas judge was permitted to gather these facts by either affidavit or evidentiary

hearing whereby appellate counsel could address applicant's factual allegations and applicant would have an opportunity to respond. The habeas judge, relying solely upon appellate counsel's affidavit, determined applicant's claim of ineffective assistance of counsel lacked merit. Appellate counsel's affidavit stated that applicant was notified by mail of the resolution of his appeal and advised of his right to file a petition for discretionary review *pro se*. Applicant was not given an opportunity to respond to counsel's affidavit.

## II. THE STANDARD

■■■■ The right to effective assistance of counsel is guaranteed by the Sixth Amendment to the United States Constitution. This right of representation is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Cuyler v. Sullivan,* 446 U.S. 335, 344, 100 S.Ct. 1708, 1715, 64 L.Ed.2d 333 (1980); *and, Lisenba v. California,* 314 U.S. 219, 236–237, 62 S.Ct. 280, 289–290, 86 L.Ed. 166 (1941). Generally, in determining the effectiveness of counsel we utilize the two prong test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See, Ex parte Menchaca,* 854 S.W.2d 128, 131 (Tex.Cr.App.1993); *and, Hathorn v. State,* 848 S.W.2d 101, 118 (Tex.Cr.App.1993). The first prong is a determination of whether counsel's performance failed to constitute "reasonably effective assistance." *Menchaca,* 854 S.W.2d at 131. Stated another way, we determine whether counsel's performance was deficient. *Strickland,* 466 U.S. at 685, 104 S.Ct. at 2063. If counsel's performance was deficient we then determine whether there is a reasonable probability the results would have been different but for counsel's deficient performance. A reasonable probability is a probability sufficient to undermine the confidence in the outcome of the proceeding. *Menchaca,* 854 S.W.2d at 131.

However, the Supreme Court observed in *Strickland,* "In certain Sixth Amendment contexts, prejudice is presumed. Actual or constructive denial of the assistance of coun- sel altogether is legally presumed to result in prejudice." *Strickland,* 466 U.S. at 692, 104 S.Ct. at 2067. For example, in *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), appellate counsel failed to file a statement of appeal as required by state law, resulting in the dismissal of the appeal. The Supreme Court noted, "In a situation like that here, counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; in this sense it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." *Evitts,* 469 U.S. at 394 n. 6, 105 S.Ct. at 835 n. 6. This Court has followed the rationale of *Evitts* when a defendant has been deprived of his right to appeal due to counsel's inaction. *Ward v. State,* 740 S.W.2d 794, 800 (Tex.Cr.App.1987).

In *Ex parte Axel,* 757 S.W.2d 369 (Tex.Cr. App.1988), we were confronted with the issue of who must advise the defendant of his right to appeal. *Axel,* 757 S.W.2d at 373. Axel had not been notified of his right to appeal by the court or his attorney, nor had counsel withdrawn or been dismissed pursuant to Tex.Code Crim.Proc.Ann. art. 26.04. This Court was faced with an ineffective assistance of counsel claim based upon counsel's actions not at a proceeding but during the procedural gap between trial and appeal. We determined that a "lawyer should take whatever steps are necessary to protect the defendant's right of appeal." *Axel,* 757 S.W.2d at 373. To that end we held that trial counsel, retained or appointed,

> ... has the duty, obligation and responsibility to consult with and fully advise the client concerning the meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating ˙ advantages and disadvantages of appeal. ....

*Axel,* 757 S.W.2d at 374. Consequently, this Court granted an out-of-time appeal to Axel. *Id.,* 757 S.W.2d at 375.

Similarly, the instant case involves a claim of ineffective assistance of counsel in failing to advise a defendant of another criminal procedure. Specifically, this case provides the opportunity to determine the duties of appellate counsel following the affirmance of the judgment of the trial court by the court of appeals.

## III.

### A. Tex.Code Crim.Proc.Ann. art. 26.04

Tex.Code Crim.Proc.Ann. art. 26.04(a) provides:

> Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interests of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. *An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his duties by the court or replaced by other counsel.*[1]

In *Ayala v. State*, 633 S.W.2d 526 (Tex.Cr. App.1982), counsel filed an *Anders* brief on direct appeal.[2] The Court of Appeals affirmed the conviction. Although counsel advised Ayala there were no grounds for review, Ayala demanded that counsel file a petition for discretionary review. We held appointed counsel has no duty in such circumstances to file a petition for discretionary review. *Ayala*, 633 S.W.2d at 528.

■ *Ayala* was decided before the 1987 amendment to art. 26.04(a), which added the language italicized above. The statute requires an appointed attorney to represent the defendant until "appeals are exhausted." In *Ayala* this Court emphasized the difference between an appeal and discretionary review. Except for cases in which the death penalty has been assessed, a defendant in Texas has the right of appeal to a court of appeals. *Ayala*, 633 S.W.2d at 528. This Court may review decisions of courts of appeals, but an appellant has no right to discretionary review. *Id.* Thus, our holding in *Ayala* retained its vitality after the 1987 amendment to art. 26.04(a).

■ Nevertheless, we observed in *Ayala:*

> This is not to say that indigent appellants have no recourse from the misfeasances of appointed counsel after the decision of an intermediate court. If an appointed *counsel deprived the client of his right to apply, pro se, for discretionary review*—by volunteering to make a timely application for discretionary review and failing to do so, for example—then there might be a due process violation. *See, Wainwright v. Torna*, 455 U.S. 586, 588 n. 4, 102 S.Ct. 1300, 1301 n. 4, 71 L.Ed.2d 475 (1982).

*Ayala*, 633 S.W.2d at 528, n. 4. *See also, Ayala*, 633 S.W.2d at 529 (Concurring opinion, Clinton, J.). Appellant's right to file a petition for discretionary review may not be abridged by the actions of counsel. *Id.* Accordingly, failure to notify the appellant of the right to file a petition for discretionary review prejudices the rights of the appellant and constitutes a violation of the constitutional right to effective assistance of counsel. Appellant has no right to review, but Tex. R.App.P. 200 presumes appellant has a *right to prepare and file* a petition for discretionary review.

■ In *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974), the Supreme Court held there was no constitutional right to appointed counsel to pursue discretionary review. Counsel's failure to pursue discretionary review does not represent a denial of effective assistance of counsel. *Wainwright v. Torna*, 455 U.S. 586, 102 S.Ct.

---

1. All emphasis is supplied unless otherwise indicated.

2. *See, Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). *See also, High v. State*, 573 S.W.2d 807 (Tex.Cr.App.1978).

1300, 71 L.Ed.2d 475 (1982). Though there is no right to have discretionary review granted by this Court, we have held that due to the very fact that the provision exists there is a right to make a request to this Court. *Ayala,* 633 S.W.2d at 528. Therefore, if this right is abridged or denied through the misfeasance or nonfeasance of counsel there is an abridgment of the Sixth and Fourteenth Amendments through which the State benefits and the individual's rights are constitutionally curtailed. *See, Cuyler,* 446 U.S. at 344, 100 S.Ct. at 1715. *See also, Ayala,* 633 S.W.2d at 528.

### B. Tex.R.App.P. 91

■ Tex.R.App.P. 91 provides for post-appeal notification of the appellant of the appellate proceedings:

> On the date an opinion of an appellate court is handed down, the clerk of the appellate court shall mail or deliver to the clerk of the trial court, to the trial judge who tried the case, and to the State and *each of the defendants in a criminal case* ... a copy of the opinion handed down by the appellate court and a copy of the judgment rendered by the appellate court as entered in the minutes. *Delivery to a party having counsel indicated of record shall be made to counsel.*[3]

Rule 91 *requires* notice to *all* parties of the appellate court opinion. A *pro se* appellant is entitled to a copy of the opinion sent to him by the clerk of the court. At that time, the *pro se* appellant may choose to file a motion for rehearing or a petition for discretionary review. However, when represented by counsel, an appellant must rely upon counsel to relay all information related to the appeal, most importantly the result in the court of appeals and a copy of the court's opinion. Without such information, the appellant is unaware that further action may be called for much less what course of action to pursue.

### C. Summary

■ Pursuant to Rule 91 appellate counsel has a duty to notify the appellant of the actions of the appellate court and to consult with and fully advise the appellant of the meaning and effect of the opinion of the appellate court. Finally, although appellate counsel has no duty to file a petition for discretionary review, *Ayala,* 633 S.W.2d. at 528, appellate counsel does have the duty, under art. 26.04, to advise the appellant of the possibility of review by this Court as well as expressing his professional judgment as to possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review.

### IV. APPLICATION

■ We are not bound by the habeas judge's findings of fact. *Ex parte Brandley,* 781 S.W.2d 886 (Tex.Cr.App.1989). Our duty is to determine whether the record supports those findings. *See, Ex parte Watkins,* 770 S.W.2d 816 (Tex.Cr.App.1989); *and, Ex parte Adams,* 768 S.W.2d 281 (Tex.Cr.App. 1989). Generally, if the trial judge's findings are supported by the record, they should be accepted by this Court. *Ex parte Castellano,* 863 S.W.2d 476, 486 (Tex.Cr.App.1993).

In the instant case, there remains a question of whether appellate counsel discharged the aforementioned duties. The original order from this Court instructed the habeas judge to enter findings of fact as to whether applicant was informed of the affirmance and that he had the right to seek discretionary review from this Court. The habeas judge determined appellate counsel sent notification by mail to applicant of the affirmance. However, the letter that counsel claims to have sent is not attached, nor the address to which counsel claims to have sent said letter, nor the manner in which said letter was sent to applicant, all of which may be germane to the habeas judge's findings of fact. Further, there is no indication the habeas judge determined whether applicant received said notification, pursuant to our original order.

■ As there remain unresolved issues of fact we cannot reach the merits of applicant's

---

**3.** All emphasis is supplied unless otherwise indicated.

claim of ineffective assistance of counsel. *See, Ex parte Campos,* 613 S.W.2d 745 (Tex. Cr.App.1981). Consequently, this case is remanded to the habeas court for an evidentiary hearing to determine whether 1) appellate counsel notified applicant of the affirmance by the court of appeals; 2) appellate counsel consulted with and advised applicant of the meaning and effect of the opinion of the court of appeals; 3) appellate counsel advised applicant of the possibility of review by this Court; and, 4) appellate counsel expressed his professional judgment as to possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review. The habeas judge shall decide whether applicant is indigent. If the habeas judge finds that applicant is indigent, and applicant desires to be represented by counsel, the habeas court will then, pursuant to Tex.Code Crim.Proc.Ann. art. 1.051(d)(3), appoint an attorney to represent him at the hearing. The habeas judge's findings of fact, conclusions of law, the transcription of the court reporter's notes, and any other supplementation of the record shall be returned to this Court within 120 days of the date of this order.[4]

IT IS SO ORDERED.

WHITE, J., concurs in the result.

CAMPBELL, J., not participating.

McCORMICK, Presiding Judge, dissenting.

"A judge should not make himself a lawmaker by reading his moral notions into the Constitution in order to invalidate [legislative] policy decisions with which he disagrees."[1]

I dissent because the majority fails to fulfill our obligation to give effect to the clear and plain meaning of the language found in Tex. R.App.Proc. 91 and Article 26.04(a), V.A.C.C.P. See *Boykin v. State,* 818 S.W.2d

782, 785–86 (Tex.Cr.App.1991). I would hold applicant had no right to be represented by appointed counsel once the intermediate appellate court finally disposed of his appeal as of right; therefore he could not have been deprived of his Sixth Amendment right to the effective assistance of counsel by counsel's failure to assist applicant in filing a petition for discretionary review of the intermediate appellate court's decision.

The majority remands this case to the habeas court one more time apparently pursuant to an interpretation of state law on the duties appointed counsel owes to the client once an intermediate appellate court disposes of the client's appeal as of right. It is clear this State may, without violating the fundamental fairness guaranteed by the Sixth and Fourteenth Amendments to the Federal Constitution, decline to provide counsel at taxpayer expense to an indigent defendant to *assist* him in filing a petition for discretionary review in this Court. See *Ayala v. State,* 633 S.W.2d 526, 527 (Tex.Cr.App.1982) (an indigent defendant may not be deprived of ineffective assistance of counsel due to counsel's failure to file a petition for discretionary review of an intermediate appellate court's decision because an indigent defendant has no constitutional right to counsel in seeking discretionary review beyond the first step of appeal from a criminal conviction); see also *Polk v. State,* 676 S.W.2d 408, 409 (Tex.Cr. App.1984).

While recognizing that appellate counsel has no duty to file a petition for discretionary review, the majority holds Rule 91 requires appointed counsel "to notify the appellant of the actions of the appellate court and to consult with and fully advise the appellant of the meaning and effect of the opinion of the appellate court." Rule 91 actually says:

"On the date an opinion of an appellate court is handed down, the *clerk of the appellate court shall* mail or deliver to the clerk of the trial court, to the trial judge

---

4. Any extensions of this time period should be obtained from this Court.

1. *The Wall Street Journal,* August 30, 1994, Letter to the Editor by Lino A. Graglia, Professor of Law, University of Texas at Austin.

who tried the case, and to the State and each of the defendants in a criminal case ... a copy of the opinion handed down by the appellate court and a copy of the judgment rendered by the appellate court as entered in the minutes. *Delivery to a party having counsel indicated of record shall be made to counsel.* (Emphasis Supplied)"

By its very terms, Rule 91 sets out the duties of the clerk of the appellate court and has nothing to do with appointed counsel's duties to the client once the intermediate appellate court disposes of the client's appeal as of right.

The majority further holds Rule 91 and Article 26.04(a) require appointed counsel "to advise the appellant of the possibility of review by this Court as well as expressing his professional judgment as to possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review." Article 26.04(a) actually says:

"Whenever the court determines that a defendant charged with a felony or a misdemeanor punishable by imprisonment is indigent or that the interest of justice require representation of a defendant in a criminal proceeding, the court shall appoint one or more practicing attorneys to defend him. An attorney appointed under this subsection shall represent the defendant until charges are dismissed, the defendant is acquitted, *appeals are exhausted,* or the attorney is relieved of his duties by the court or replaced by other counsel. (Emphasis Supplied)."

The plain language of Article 26.04(a), as applied to this case, requires appointed counsel to represent the client until "appeals are exhausted." An appeal is exhausted when the intermediate appellate court finally disposes of a defendant's appeal as of right since a Texas defendant in a noncapital case has no right to an appeal to this Court. See *Ayala,* 633 S.W.2d at 527–28. That is when

appellate counsel's duty to the client ends *because that is where the Legislature in Article 26.04(a) intended for it to end.* See *Boykin,* 818 S.W.2d at 785–86; *Ayala,* 633 S.W.2d at 527–28.

The plain language of Rule 91 and Article 26.04(a) does not support the majority's holdings, and the majority cites no other direct authority for its holdings probably because none exists. Instead, the majority substitutes moralistic rhetoric for the rule of law, and it cites some cases, mostly dealing with a lawyer's duties to the client in an appeal as of right of a conviction to an intermediate appellate court, that have nothing to do with this case. See, e.g., *Ex Parte Axel,* 757 S.W.2d 369 (Tex.Cr.App.1988).

When Rule 91 and Article 26.04(a) are read together, appellate counsel's only duties arguably are to *inform* the client of the intermediate appellate court's disposition and to inform the client of his right to file a petition for discretionary review. Of course, a different situation would arise if appellate counsel somehow deprived the client of his right to file, pro se, a petition for discretionary review in this Court. See, e.g., *Ayala,* 633 S.W.2d at 528 fn 4. But that is not the situation here.

What is equally disturbing as the majority's failure to give effect to the plain language of Rule 91 and Article 26.04(a) is the manner in which the majority reaches out to address a claim applicant never raised in the habeas court. Here, even under the majority's recitation of the facts, applicant claimed he received ineffective assistance of counsel *only* because appointed counsel failed to notify him the intermediate appellate court had affirmed his conviction. That is why we initially remanded this case to the habeas judge to make findings on whether applicant's lawyer informed applicant that the intermediate appellate court had affirmed his conviction and that he had a right to seek discretionary review from this Court.[2] The

2. In our first order remanding this case to the habeas court, we ordered the habeas court either to obtain an affidavit from applicant's counsel

addressing applicant's factual allegations and allow applicant an opportunity to respond by affidavit, *or* to conduct an evidentiary hearing at

habeas court made findings adverse to applicant on both of these issues.[3] Now, the majority again remands the case to the habeas court to make more findings on the additional duties the majority mandates on appointed counsel today.[4]

Our proper role here should be to determine whether the record supports the habeas court's first set of findings, which it does, and that should end the matter. However, in its zeal to act as a super-legislature and to waste more tax-payer money to achieve a desired result, the majority reaches beyond the specific complaint applicant asserted in the habeas court, and mandates additional duties on appointed counsel contrary to the plain language of the applicable statute.

This is judicial activism at its worst, and I dissent.

## OPINION DENYING STATE'S MOTION FOR REHEARING

MEYERS, Judge.

On original submission, we remanded this cause for a further evidentiary hearing before the convicting court. The issue is whether applicant's counsel on appeal rendered him reasonably effective assistance after the Court of Appeals affirmed his conviction. We held that an attorney on appeal has the duty, not only to advise his client of any disposition by the appellate court, but also to counsel his client thoroughly concerning the availability and desirability of further discre-

tionary review by this Court. Our remand of the instant cause was to afford applicant a chance to prove his appellate counsel deficient in this respect.

The State Prosecuting Attorney urges us to reconsider the scope o a defense attorney's duty after his client's conviction is affirmed on direct appeal. He insists that our opinion on original submission mistakenly implies "that a defendant has a constitutional right to effective assistance of counsel for purposes of *preparing* a petition for discretionary review," contrary to *Ayala v. State,* 633 S.W.2d 526 (Tex.Crim.App.1992). State's Motion for Rehearing at 2. While he agrees that appellate attorneys should inform their clients of an appellate court's disposition and of their right to pursue further discretionary remedies, he argues that the duty of an appellate attorney does not extend farther than this.

█ At the outset we emphasize that nothing in our original opinion was intended to compromise the holding of *Ayala.* We adhere to our settled position that indigent defendants are not entitled by the Constitution or laws of Texas or of the United States to the assistance of counsel for purposes of pursuing discretionary post-conviction remedies. *See Coleman v. Thompson,* 501 U.S. 722, 755–57, 111 S.Ct. 2546, 2568, 115 L.Ed.2d 640, 673 (1991). Accordingly, an indigent defendant may not compel the appointment of counsel at state expense to seek such remedies on his behalf.

But that is not the case here. As we understand his petition, applicant does not

which applicant would have an opportunity to prove his allegations. Applicant's counsel filed an affidavit stating,

"I was appointed to represent [applicant] on appeal in the above-referenced cause number. I filed an appellate brief which the First Court of Appeals received on January 28, 1991. The judgment was affirmed and the appellate opinion was filed on October 17, 1991. Shortly thereafter I received a copy of the appellate court's opinion. Almost contemporaneously, I received a letter from [applicant] expressing his desire to have me withdraw and handle his direct appeal pro se. I then sent him a letter advising him that the appellate court had affirmed his conviction in a published opinion and additionally advising him of his rights to

petition for discretionary review and the applicable time limits. I mailed the letter and a copy of the opinion to the address which was indicated on the last letter I received from him."

3. The habeas judge found that applicant's lawyer notified applicant of the resolution of his appeal and advised him of his right to file a petition for discretionary review.

4. Based on applicant's counsel's affidavit filed in response to our first remand order, it should not be too hard to figure out that the habeas court on second remand probably will find applicant received ineffective assistance of counsel.

maintain that the State must afford him an attorney to petition for discretionary review. Rather, he contends only that the attorney who does represent him on appeal is obliged to afford reasonably effective legal assistance until his representation is concluded. Our analysis of the problem therefore begins, as it did on original submission, with an examination of the Code of Criminal Procedure, article 26.04, which provides, among other things, that "[a]n attorney appointed under this subsection shall represent the defendant until ... appeals are exhausted[.]"

According to statutory law and the rules of this Court, the judgment of an intermediate appellate court in a criminal case does not become final at once. *See* Tex.Code Crim.Proc. arts. 42.045, 44.45(a); Tex.R.App.Proc. 86(a). Consequently, the rendition of a judgment does not immediately exhaust the appellate process. During the entire period of time between the rendition of an opinion by the appellate court and the date upon which it becomes final, therefore, the appellate lawyer still represents his client and remains under a duty to provide him with satisfactory legal counsel. According to the Constitution of the United States, such counsel is not satisfactory unless it meets an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Hence, the central question in the instant cause is what minimal advice must an objectively reasonable attorney provide to a client whose only remaining concern in the case is whether he should seek further discretionary review of his criminal conviction. We think the question practically answers itself. As we held on original submission, it is the professional duty of an appellate lawyer to explain the meaning and effect of an appellate court decision in his client's case, to acquaint his client with available options for further review of the case, and to assist his client with the decision whether to seek such review.

We do not mean to hold, of course, that appellate attorneys must continue as advocates for their clients through the discretionary review process itself. But it is, after all, a critical part of an attorney's job to help his client make decisions of substantial legal significance. And, at the moment a client learns his criminal conviction has been affirmed, there can be no decision of greater legal significance or of more pressing importance than whether to seek further review. It is not enough just to know that such review may be available. Before making a decision whether to follow this course one must also know the mechanics of discretionary review, appreciate the legal issues involved, and possess an ability to assess the likelihood of success. These skills are the professional tools of lawyers, and it is entirely appropriate that a person who is actually represented by legal counsel look to his attorney for professional advice on this subject.

Accordingly, we are of the opinion that an attorney who still represents a criminal defendant at the moment his conviction is affirmed on direct appeal does not provide reasonably effective assistance merely by communicating to his client that the latter's conviction was affirmed or by informing his client that further review may be possible within certain time limits. He must also stand ready to assist his client until the appellate process is exhausted and the attorney/client relationship concluded with the decision whether to seek discretionary review, and he must make it clear to his client that he is ready to do so.

Given the time limitations applicable to the discretionary review process and the distance over which communication between lawyer and client must often take place, it may be necessary as a practical matter in many instances for the attorney to furnish his client with much of this information before further consultation. But it is not the place of this Court to prescribe the minutiae of a satisfactory lawyer/client relationship, and we do not purport to do so here. The point is only that criminal defendants must not be made to forfeit substantial legal rights because lawyers have failed adequately to perform their

professional responsibilities. In each case such as this, therefore, the question is whether a criminal defendant actually lost the opportunity to petition this Court for discretionary review because of deficient performance by his attorney. If the facts show that he did, he is entitled to appropriate relief in a habeas corpus proceeding.

The State's motion for rehearing is, accordingly, denied.

February 8, 1995.

McCORMICK, P.J., and WHITE, MANSFIELD and KELLER, JJ., dissent.