Jose Antonio Bautista v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-226-CR

     JOSE ANTONIO BAUTISTA,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 351st District Court
Harris County, Texas
Trial Court # 819792
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury convicted Jose Antonio Bautista of attempted sexual assault. He was sentenced to 7
years in prison. Bautista now appeals his conviction. We affirm.
Background
      Bautista does not complain about the sufficiency of the evidence on appeal; therefore, we will
only briefly discuss the facts of the case. Deputy Constable Mark Timmers was on patrol in the
early morning hours at a park when he noticed a couple on the ground near a tree. As the deputy
approached the couple, a man jumped up and ran to his pickup truck as he was pulling up his
pants. The man was later identified as Bautista. A woman, Mary Acosta, ran screaming toward
the deputy. Acosta said she had been forced from Bautista’s vehicle in the park. She also said
that Bautista held her down on the ground while he removed her underwear. 
Prior Inconsistent Statement
      In the first of three issues, Bautista contends the trial court erred in denying his right to
introduce testimony of the complainant’s previous statement of consent. At trial, Acosta testified
that she had not consented to Bautista’s attempt to have sex with her. After the State rested its
case, Bautista attempted to ask one of his witnesses, Donia Elysia Guiterrez, “Did Maria ever tell
you that Jose Bautista never tried to rape her in the park?” The State voiced a hearsay objection
to the question. Without argument by Bautista, the trial court sustained the objection. The next
day, Bautista offered a summary of what Guiterrez would have said: 1) that Acosta told her
Bautista never tried to rape her in the park; 2) that the sex was voluntary and consensual; and 3)
that Acosta was doing “this” because of pressure from the constable’s office. 
      On appeal, Bautista argues that Guiterrez would have testified to a prior inconsistent statement
by Acosta which could have been admissible to impeach Acosta. The State objected to the
question by Bautista as hearsay. Bautista never offered any explanation as to why its answer
would not be hearsay or would be otherwise admissible under another rule. The answer to the
question asked by Bautista would have been hearsay; that is, an out-of-court statement offered for
the truth of the matter asserted. Tex. R. Evid. 801(d). It did not err in excluding the answer. 
Bautista’s first issue is overruled.
Ineffective Assistance of Counsel
      In his second issue, Bautista contends his trial counsel rendered ineffective assistance of
counsel. Specifically, he claims that had his trial attorney laid the proper predicate with Acosta,
Guiterrez’ testimony of Acosta’s prior inconsistent statement would have been admissible.
Law
      In assessing the effectiveness of counsel, we apply the test set forth by the Supreme Court in
Strickland v. Washington. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064,
80 L.Ed.2d 674 (1984); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); Ex
parte Jarrett, 891 S.W.2d 935, 938 (Tex. Crim. App. 1994). Strickland requires us to determine
whether (1) counsel's performance was deficient; and if so, (2) whether there is a reasonable
probability the results would have been different but for counsel's deficient performance. 
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. This two-pronged test is the benchmark for
judging whether counsel’s conduct so undermined the proper functioning of the adversarial process
that the trial cannot be relied on as having produced a reliable result. Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999).
      We strongly presume that counsel's conduct lies within the "wide range of reasonable
representation." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The
appellant bears the burden of proving by a preponderance of the evidence that counsel was
ineffective. Thompson, 9 S.W.3d at 813. Our scrutiny of counsel’s performance must be highly
deferential, and every effort must be made to eliminate the distorting effects of hindsight. See
Strickland, 466 U.S. at 689, 104 S.Ct. at 2065; Thompson, 9 S.W.3d at 813. Allegations of
ineffective assistance of counsel must be firmly founded in the record. Thompson, 9 S.W.3d at
813.
Application
      The only showing Bautista attempts to make that his trial counsel’s performance was deficient
is a statement in his brief that trial counsel’s inability to introduce Guiterrez’ testimony rendered
his performance deficient. First, there is no showing that trial counsel could have established the
proper predicate for the introduction of Guiterrez’ testimony. Second, even if counsel had laid
the proper predicate, doing so would not have guaranteed the admission of Guiterrez’ testimony. 
See Tex. R. Evid. 613(a). Acosta would have had to deny making statements to Guiterrez that
were inconsistent with her trial testimony. Id. If she unequivocally admitted to making the
statements, Guiterrez’ testimony could not have been admitted. Id. Bautista has not proven by
a preponderance of the evidence that his counsel was ineffective. His second issue is overruled.
Failure to Testify
      In his final issue, Bautista argues that the trial court erred in overruling his objection to the
State’s comment on his failure to testify.
      Bautista took the stand to testify in his own behalf. The State attempted to ask Bautista when
he first raised the defense of consent under oath. Each attempt was met with objections which
were overruled. On the fourth attempt, Bautista finally answered.
      Any defendant in a criminal action can testify in his own behalf; but the failure of a defendant
to so testify cannot be commented upon. Tex. Code Crim. Proc. Ann. art. 38.08 (Vernon
1979). When addressing a complaint of improper comments on a defendant’s failure to testify in
his own behalf, we review the language from the standpoint of the jury. Staley v. State, 887
S.W.2d 885, 895 (Tex. Crim. App. 1994); Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim.
App. 1992) (emphasis added).
      Bautista’s argument in this issue is without merit. Bautista was testifying in his own behalf
when the State asked the question. There cannot be an improper comment on his failure to testify
when he is on the stand testifying. His third issue is overruled.
Conclusion
      Having overruled each issue, the judgment of the trial court is affirmed.
 
                                                                               TOM GRAY
                                                                               Justice

Before Chief Justice McDonald (Retired),
      Justice Vance, and
      Justice Gray
      (Justice Vance dissenting)
Affirmed
Opinion delivered and filed February 6, 2002
Publish
[CR25]