Vincent Kirk v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-022-CR

     VINCENT KIRK,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 23rd District Court
Brazoria County, Texas
Trial Court # 37,608
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Vincent Kirk pled guilty to the offense of forgery and pled true to two enhancements. 
Pursuant to a plea bargain, the trial court sentenced Kirk to two years in prison. Kirk received
permission to appeal. He now claims his plea was involuntary due to trial counsel’s ineffective
assistance. We affirm.
Ineffective Assistance of Counsel
      In three issues, Kirk contends his plea was involuntary because his counsel was ineffective. 
Combining all three issues, Kirk specifically argues that his counsel did not investigate the State’s
case or his potential defenses which led to incompetent advice from counsel to enter a plea of
guilty. Only the first issue is in the context of the denial of a motion for new trial based on the
ineffectiveness of his trial counsel. We will address the three issues together as well.
      In assessing the effectiveness of counsel we apply the test set forth by the Supreme Court in
Strickland v. Washington. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064,
80 L.Ed.2d 674 (1984); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); Ex
parte Jarrett, 891 S.W.2d 935, 938 (Tex. Crim. App. 1994). Strickland requires us to determine
whether:
      (1)  counsel's performance was deficient; and if so,
 
      (2)  whether there is a reasonable probability the results would have been different
but for counsel's deficient performance.

Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. This two-pronged test is the benchmark for
judging whether counsel’s conduct so undermined the proper functioning of the adversarial process
that the trial cannot be relied on as having produced a reliable result. Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999).
      Recently, the Court of Criminal Appeals has reminded us that under Strickland, the defendant
must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional
reason for a specific act or omission. Bone v. State, No. 0473-00, slip op. at 13 (Tex. Crim. App.
June 19, 2002). Under normal circumstances, the record on direct appeal will not be sufficient
to show that counsel’s representation was so deficient and so lacking in tactical or strategic
decision-making as to overcome the presumption that counsel’s conduct was reasonable and
professional. Id. at 7. Not only does Strickland require proof of professional incompetence but
it also requires proof of prejudice. Id. at 14. In the context of a plea of guilty or nolo contendere,
the defendant must show a reasonable probability that but for trial counsel’s errors, the defendant
would not have pled guilty and would have insisted on going to trial. Kober v. State, 988 S.W.2d
230, 232 (Tex. Crim. App. 1999). The failure to make any effort to prove prejudice for counsel’s
allegedly deficient performance precludes relief. Ladd v. State, 3 S.W.3d 547, 570 (Tex. Crim.
App. 1999).
      The denial of a motion for new trial is reviewed under an abuse of discretion standard. 
Salazar v. State, 38 S.W.3d 141, (Tex. Crim. App. 2001). That decision, absent a clear abuse
of discretion, should not be disturbed on appeal. Gonzalez v. State, 855 S.W.2d 692, 696 (Tex.
Crim. App. 1993).
      Kirk complains that his counsel did not contact him regularly, did not investigate his case
thoroughly, and did not explain the consequences of his plea. Although Kirk testified at the
hearing on his motion for new trial, he never proved that but for these perceived deficiencies, he
would not have pled guilty and would have insisted on going to trial. In fact, the State introduced
correspondence from Kirk soon after his arrest requesting to be placed on the docket so he could
plead guilty.
      Thus, Kirk did not prove he was prejudiced, and he is not entitled to relief on his claims of
ineffective assistance of counsel. Because he is not entitled to relief, the trial court did not err in
denying his motion for new trial. Issues one, two, and three are overruled.
Conclusion
      Having overruled each issue, we affirm the judgment of the trial court.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed July 3, 2002
Do not publish
[CR25]