IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 75,024






EX PARTE TERRY MICHAEL CRUM, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM TRAVIS COUNTY






 Per Curiam.



O P I N I O N



 

 This is a post-conviction application for a writ of habeas corpus filed pursuant to tex.
code crim. proc. art. 11.07, § 4. Applicant was convicted of two counts of aggravated sexual assault
of a child, and one count of indecency with a child. Punishment was assessed at sixty years
imprisonment for the sexual assault counts, and twenty years imprisonment for the indecency with a
child. This conviction was affirmed, Crum v. State, No. 03-02-00371-CR (Tex. App.Austin,
delivered July 11, 2003, no pet.). 

 Applicant contends that he was denied an opportunity to pursue discretionary review at this
Court because his appellate attorney, after volunteering to do so, failed to timely file a petition for
discretionary review. The trial court has entered findings of fact and conclusions of law, based upon the
record, recommending that Applicant be granted an out-of-time petition for discretionary review. 

 This Court has held that, if appellate counsel's action or inaction denies an appellant his
opportunity to prepare and file a petition for discretionary review, that appellant has been denied his
Sixth Amendment right to effective assistance of counsel. Ex parte Jarrett, 891 S.W.2d 935 (Tex.
Crim. App. 1995).

 Applicant is entitled to relief. The proper remedy in a case like this is to return Applicant to the
point at which he can file a petition for discretionary review. He may then follow the proper procedures
in order that a meaningful petition for discretionary review may be filed. For purposes of the Texas
Rules of Appellate Procedure, all time limits shall be calculated as if the Court of Appeals' decision had
been rendered on the day the mandate of this Court in this cause issues. We hold that should Applicant
desire to seek discretionary review, he must take affirmative steps to see that his petition is filed in the
Court of Appeals within thirty days after the mandate of this Court has issued.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional
and Pardons and Paroles Divisions.

DELIVERED: OCTOBER 13, 2004

DO NOT PUBLISH