IN THE COURT OF
CRIMINAL APPEALS

                                   OF
TEXAS

 

                                                                              

                                                                NO.
AP-74,954



 

 

                                 EX
PARTE TRACY ALLEN TRAINER, Applicant

 

                                                                              



                          ON
APPLICATION FOR A WRIT OF HABEAS CORPUS

                                                       FROM
BEXAR COUNTY



 

 

Meyers,
J., delivered the opinion of the Court, in which Keller, P.J.,
and Price, Johnson, Keasler, Hervey, Holcomb,
and Cochran, JJ., joined.  Womack, J., concurred.  

 

 

                                                                              








Applicant filed an application for a
writ of habeas corpus, requesting an out-of-time petition for discretionary
review.  He claimed that he was unable to file a petition because he was not
provided with a complete copy of the record.  At the hearing held by the trial
court, the applicant received a copy of the record; however, applicant claims
that the record provided to him is still not complete.  This Court requested
briefing on the issue of whether the United States Constitution, the Texas
Constitution, or any statute requires that an appellant who wishes to pursue a pro
se petition for discretionary review be provided a free copy of the trial
record.  We hold that there is no such requirement.








Texas Rule of Appellate Procedure
20.2 deals with an indigent appellant=s request for a free copy of the
appellate record.  The rule allows for the reporter who transcribes the record
to be paid from the general funds of the county in which the offense was
committed if the trial court finds that the appellant cannot pay for the
record.  However, the rule specifies that it is applicable only to the period Awithin the time for perfecting the
appeal.@[1]  The time a criminal defendant has
to perfect an appeal is listed under Rule of Appellate Procedure 26.2 as within
30 days after the day the sentence is imposed or suspended in open court, or
after the day the trial court enters an appealable order; or within 90 days
after the day sentence is imposed or suspended in open court if the defendant
timely files a motion for new trial.  These time limits refer only to a
defendant=s right to appeal under Code of Criminal Procedure Article 44.02 and do
not apply to discretionary review before this Court.  Unlike a defendant=s right to an initial appeal under
Code of Criminal Procedure Article 44.02, review by this Court is not a matter
of right.  See Texas Rule of Appellate Procedure 66.2; Texas Constitution
Article V, ' 5(b).  While an appellant has a right to file a petition for
discretionary review with this Court,[2] there is no
requirement that the petition include a copy of the trial record,[3]
so failure to provide a free copy of the record to the appellant does not
violate his right to file the petition.  We find no rule indicating that the
convicting county must provide a free copy of the trial record to an appellant
who wishes to file a pro se petition for discretionary review.  In Ex
Parte Jarrett, 891 S.W.2d 935 (Tex. Crim. App. 1995), we stated, AWe adhere to our settled position
that indigent defendants are not entitled by the Constitution or laws of Texas
or of the United States to the assistance of counsel for purposes of pursuing
discretionary post-conviction remedies.  Accordingly, an indigent defendant may
not compel the appointment of counsel at state expense to seek such remedies on
his behalf.@  Id. at 943 (citation omitted).  Similarly, indigent defendants
are not entitled to a copy of the trial record at county expense.  It would be
extremely costly to require trial courts to provide a free copy of the trial
record so that a defendant may file a pro se petition for discretionary
review.  Allocation of such funds for a petition of discretionary review is a
matter for the legislature, not for this Court.








Additionally, the distinction between
an appellant=s right to an initial appeal and the discretionary nature of review
before this Court indicates that the county=s failure to provide a free copy of
the trial record to an appellant who wishes to file a pro se petition
for discretionary review is not a violation of the appellant=s constitutional rights.  We hold
that nothing in the United States Constitution, the Texas Constitution, or any
statute or rule requires the convicting county to provide a free copy of the
trial record to an appellant for purposes of filing a pro se petition of
discretionary review.  

Relief is denied.

Meyers, J.

 

Publish

Delivered: November 2, 2005

 









[1]Within the time for perfecting the appeal, an
appellant who is unable to pay for the appellate record may, by motion and
affidavit, ask the trial court to have the appellate record furnished without
charge. If after hearing the motion the court finds that the appellant cannot
pay or give security for the appellate record, the court must order the
reporter to transcribe the proceedings. When the court certifies that the appellate
record has been furnished to the appellant, the reporter must be paid from the
general funds of the county in which the offense was committed, in the amount
set by the trial court.





[2] See Code of Criminal Procedure Article 44.45(b).





[3]See Rule of Appellate Procedure 68.4 regarding the
Contents of Petition.  The rule specifically states in section (f) that AIf the petitioner has
access to the record, the petitioner must (after each ground) refer to the page
of the record where the matter complained of is found.,@ (emphasis added), indicating that it is not
necessary for the petitioner to have access to the record in order to file a
petition for discretionary review.