IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-07-00366-CV

 

In the
Matter of the Marriage of

Darlene
Brown and Donald R. Brown

 

 

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court No. 02-002248-CVD-CCL1

 



MEMORANDUM  Opinion



 








            Appellant has filed a
motion to dismiss this appeal.  Appellee has not filed a response. 
Accordingly, the appeal is dismissed.  See Tex. R. App. P. 42.1(a)(1).  

PER CURIAM

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed February 6, 2008

[CV06]








 






                                                Appellee
 
 
From the 220th District Court
Hamilton County, Texas
Trial Court # 6863
                                                                                                                 

O P I N I O N
                                                                                                                 

      A jury convicted Roy Lee Phillips of the offense of felony driving while intoxicated (“DWI”). 
See Tex. Pen. Code Ann. §§ 49.04(a), 49.09(b) (Vernon Supp. 1998). Phillips pled true to four
prior felony convictions alleged to enhance his punishment to the level of a habitual offender. Id.
§ 12.42(d).


 The jury assessed punishment at 45 years’ confinement in the Texas Department of
Criminal Justice, Institutional Division. 
      Phillips’s first point of error asserts that the court abused its discretion in refusing to grant his
motion for new trial for obvious errors in the indictment which resulted in an incorrect and unjust
sentence. Point of error two alleges that trial counsel was ineffective for failing to object to the
indictment before trial. In points of error three and four, Phillips urges that counsel was ineffective
for failing to object to the admission of certain evidence and for failing to object to two of the
enhancement counts during the punishment phase.
INDICTMENT
      Phillips’s first and second points of error respectively allege that a motion for new trial should
have been granted because of obvious errors in the indictment and that counsel was ineffective by
failing to make pretrial objections to the indictment. Phillips was indicted for felony DWI on
September 20, 1996. The indictment alleged four previous DWI convictions dated May 27, 1986,
January 5, 1987, January 16, 1990, and October 21, 1991, to elevate the primary offense to a
felony. Id. § 49.09(b). Phillips concedes that the charge of felony DWI is valid and only two prior
DWI convictions are necessary to enhance the offense to a felony. Id. 
      The indictment also alleged four enhancement paragraphs to raise Phillips to the level of an
habitual offender. Id. § 12.42(d). The first two enhancement paragraphs alleged previous felony
convictions for burglary of a vehicle and burglary of a building. These offenses do not meet the
chronological sequencing requirement of section 12.42(d) because the second felony offense did
not occur after the first felony became a final conviction. Id. Therefore, they only enhanced
Phillips to the level of a repeat offender. See Tex. Pen. Code Ann. § 12.42(a)(3) (Vernon Supp.
1998). The State re-alleged the prior DWI convictions of January 16, 1990, and October 21, 1991,
in the third and fourth enhancement paragraphs in an apparent attempt to make Phillips a habitual
offender. 
      Phillips correctly argues that the State cannot use prior DWI convictions as elements of the
primary offense and for enhancement purposes. Penal Code section 49.09(f) states:
A conviction may be used for purposes of enhancement under this section or enhancement
under Subchapter D, Chapter 12, but not under both this section and Subchapter D [Tex.
Pen. Code Ann. § 12.41 et. seq.]. 
 
Id. § 49.09(f). In Phillips’s case, the January 16, 1990, and October 21, 1991, DWI convictions
were used as elements of the primary offense of felony DWI under section 49.09(b). The two prior
convictions were then re-used to make Phillips a habitual offender under section 12.42(d). The
indictment clearly violates section 49.09(f). 
      Phillips’s counsel did not object to the defective indictment prior to trial and therefore waived
any complaint regarding the defective indictment. See Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon Supp. 1998). Accordingly, we overrule the first point of error. However, we will sustain
the second point of error based on ineffective assistance of counsel. 
      In assessing the effectiveness of counsel during the guilt-innocence phase of trial, we apply the
test set forth by the Supreme Court in Strickland v. Washington. 466 U.S. 668, 687, 104 S. Ct.
2052, 2064, 80 L. Ed. 2d 674 (1984); Ex parte Jarrett, 891 S.W.2d 935, 938 (Tex. Crim. App.
1994). Strickland requires us to determine whether: (1) counsel’s performance was deficient; and
if so, (2) whether there is a reasonable probability the results would have been different but for
counsel’s deficient performance. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.
      Failure of an attorney to review the law and the facts of a case amounts to ineffective assistance
of counsel. See Ex parte Welborn, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). Further, failing
to object to the improper use of a conviction for enhancement purposes is ineffective assistance of
counsel. See Ex parte Felton, 815 S.W.2d 733, 736 n.4 (Tex. Crim. App. 1991).
      Phillips’s trial counsel failed to file a motion to quash the indictment because of the improper
use of the January 16, 1990, and October 21, 1991 DWI convictions as elements of the primary
offense and for enhancement purposes. See Tex. Pen. Code Ann. § 49.09(f) (Vernon Supp.
1998). Therefore, trial counsel’s performance was deficient. See Strickland, 466 U.S. at 687, 104
S. Ct. at 2064. As a result of counsel’s failure to file a motion to quash the defective indictment,
Phillips was improperly subjected to a habitual offender punishment range of twenty-five to ninety-nine years or life. See Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 1998). Without the prior
DWI convictions, Phillips would have been subject only to the repeat offender punishment range
of two to twenty years. Id. § 12.42(a)(3). Phillips was sentenced to forty-five years which far
exceeds the permissible punishment range of two to twenty years.
      From this evidence, we conclude there is a reasonable probability the results would have been
different but for counsel’s deficient performance. See Strickland, 466 U.S. at 687, 104 S. Ct. at
2064. Without counsel’s deficient performance, Phillips would have been subject only to a
maximum punishment of twenty years. Accordingly, we sustain Phillips’s second point of error. 
Having sustained Phillips’s second point, we need not address his third and fourth points of error. 
      We reverse the judgment of the trial court and remand for a new trial.


 
 
                                                                               REX D. DAVIS 
 Chief Justice
 
 
Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Reversed and Remanded
Opinion delivered and filed March 4, 1998 
Publish