

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,009

**EX PARTE BILLY G. COLVIN, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. 11,707-A IN THE 115TH JUDICIAL DISTRICT COURT
## FROM UPSHUR COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated sexual

assault of a child and sentenced to fifty years' imprisonment. The Sixth Court of Appeals affirmed

his conviction. *Colvin v. State*, No. 06-96-00057-CR (Tex. App. - Texarkana, March 28, 1997).

Applicant contends, *inter alia*, that his appellate counsel rendered ineffective assistance

because counsel failed to advise him of his right to file petition for discretionary review *pro se.*

Appellate counsel filed an affidavit with the trial court, in which he states that at the time of

Applicant's appeal the law did not require him to inform his client that he could file a *pro se* petition for discretionary review. This assertion is incorrect. *See Ex parte Jarrett,* 891 S.W.2d 935 (Tex. Crim. App. 1994), *overruled in part by Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997).

Although the trial court has not entered findings of fact or conclusions of law in this case, the record is sufficient to show that appellate counsel failed to advise Applicant of his right to petition for discretionary review *pro se.* We find, therefore, that Applicant is entitled to the opportunity to file an out-of-time petition for discretionary review of the judgment of the Sixth Court of Appeals in Cause No. 06-96-00057-CR that affirmed his conviction in Cause No. 11,707-A from the 115th Judicial District Court of Upshur County. Applicant shall file his petition for discretionary review with the Sixth Court of Appeals within 30 days of the date on which this Court's mandate issues.

Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Delivered: October 1, 2008
Do not publish