IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. AP-76,891 & AP-76,892






EX PARTE ANDREW KELLY ARGENT, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


FROM LIBERTY COUNTY






 Johnson, J., filed a dissenting opinion.


D I S S E N T I N G O P I N I O N



 The state proposes a plea bargain. For whatever reason, defense counsel fails to transmit that
offer to the client. Some time later, the client discovers that, unbeknownst to him, an offer was made
but not conveyed to him. The client states that he would have accepted the plea-bargain offer but, 
not knowing of it, went to trial and received a sentence much longer than that included in the plea-bargain offer. 

 Or perhaps defense counsel misstated the law or gave other inaccurate information, and
because of that advice, the client decided to go to trial instead of accepting an outstanding plea-bargain offer by the state and then received a sentence much longer than that included in the plea-bargain offer.

 "The right to counsel is the right to effective assistance of counsel." Missouri v. Frye, ___
U.S. ___, ___; 132 S.Ct. 1399, 1404 (2012); 2012 U.S. LEXIS 2321, *** (citing Strickland v.
Washington, 466 U.S. 668, 686 (1984)). After noting that plea agreements account for well over
90% of all criminal convictions and that the criminal-justice system benefits from plea
agreements-e.g., conservation of judicial resources-the Supreme Court stated that, in order to realize
the benefits of plea bargaining, "criminal defendants require effective counsel during plea
negotiations. 'Anything less . . . might deny a defendant "effective representation by counsel at the
only stage when legal aid and advice would help him."'" Frye at 1407-08, quoting Massiah v. United
States, 377 U.S. 201, 204 (1964).

 In an effort to obtain relief on the grounds of ineffective assistance of counsel, the client files
an application for a writ of habeas corpus. As the majority states, the Frye-Lafler (1) "standard
demands more from applicants seeking to demonstrate that they received ineffective assistance of
counsel," Maj. op. at 2, than the prior Texas standard of showing that he was "prejudiced [simply]
by the missed opportunity of accepting such bargain and presenting it to the trial court for
consideration." Maj. op. at 3. Unfortunately, what the new standard requires is a highly developed
ability to read minds and predict the future actions of other persons. As Justice Scalia noted,
"Prejudice is to be determined . . . by a process of retrospective crystal-ball gazing posing as legal
analysis." Frye at 1413 (Scalia, J., dissenting).

 In Ex parte Jarrett, 891 S.W.2d 935 (Tex. Crim. App. 1994), this Court took a tack similar 
to that taken by the Supreme Court in Frye and Lafler. The standard set in Jarrett was that

 appellate counsel has a duty to notify the appellant of the actions of the appellate
court and to consult with and fully advise the appellant of the meaning and effect of
the opinion of the appellate court. Finally, although appellate counsel has no duty to
file a petition for discretionary review, appellate counsel does have the duty . . . to
advise the appellant of the possibility of review by this Court as well as expressing
his professional judgment as to possible grounds for review and their merit, and
delineating the advantages and disadvantages of any further review.

Id. at 940 (internal citation omitted).

 That standard required, albeit to a lesser degree than Frye and Lafler, "crystal-ball gazing
posing as legal analysis"; the appellate attorney had to read the minds of the judges of this Court and
predict the future actions of this Court. It did not work in the real world. A little more than three
years later, the Court overruled Jarrett "to the extent it held that an appellate attorney has an
obligation to inform a defendant of anything other than the fact that his conviction has been affirmed
and he can pursue discretionary review on his own. This information sufficiently protects a
defendant's right to file a petition for discretionary review." Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997). (2) With some tweaking over the years since, Wilson remains the standard.

 How is a defendant to demonstrate, if the offer was not conveyed, that the state would not
have withdrawn it? How is he to know that legal advice given by counsel is wrong? How is he to
ascertain the consequences of rejecting a plea-bargain offer if he is given inaccurate information by
his lawyer? How is he to determine whether a given judge will or will not accept the offer? While it may be true that "[i]t can be assumed that in most jurisdictions prosecutors and
judges are familiar with the boundaries of acceptable plea bargains and sentences," (3) it is highly
unlikely that a defendant is equally familiar, and it is the defendant who is required to make the
initial decision to accept or reject an offer. I think that Lemke was correct: we should not "view
after-the-fact speculation into whether or not the trial court would have granted the plea bargain as
particularly meaningful." (4) The same is true of speculation, after the fact, as to whether the state
would have left an unconveyed offer on the table until trial.

 Because the burden on a writ is on the applicant, should we not review "restriction" from the
perspective of the applicant? By any measure, from the perspective of the applicant the new federal
standard is much more restrictive than Lemke. The Lemke standard did not impose greater
restrictions than the federal standard announced in Frye and Lafler; it imposed lower restrictions and
does not, therefore, offend the Supremacy Clause.

 The only valid claim that an applicant can rationally make in an application for a writ of
habeas corpus that is based on the circumstances at issue here is that, if he had known of the offer,
or had been given accurate information about the consequences of rejecting the offer, he would have
accepted it. Any assertions about what the state would have done or what the trial court would have
done would be pure speculation on the part of the applicant. Let the applicant assert that, given
complete and accurate information, he would have accepted the plea-bargain offer, then let the state
and the trial court respond, if they can, in rebuttal or in affirmation.

 Even if the judge and the prosecutor are still available for inquiry, it seems unlikely, absent
distinctive circumstances, that either could state with certainty what they would have done, assuming
that they remember the case. If they cannot say, how is the applicant to say? He can only speculate,
and speculation has no place in a court of law. The burden expressed in Frye and Lafler makes futile
a claim of ineffective assistance of counsel based on an offer that was not conveyed or an attorney
of record who gave advice that was clearly wrong and which induced a plea. The Supreme Court
has declared that a defendant is entitled to competent assistance of counsel during plea negotiations. 
Frye and Lafler make a mockery of that entitlement by imposing, on an applicant who is asserting
ineffective assistance of counsel during that process, a burden so onerous that it can never be met.

 I respectfully dissent.


Filed: March 20, 2013

Publish
1. Lafler v. Cooper, ___ U.S. ___, 132 S.Ct. 1376 (2012); 2012 LEXIS 2322.
2. At least in part, the basis for the holding in Wilson is that Jarrett analogized the duties of trial counsel to
protect the defendant's right to appeal, which is an appeal of right that entitles a defendant to the assistance of
counsel, to the duties of appellate counsel to protect a defendant's right to petition for discretionary review, which is
not an appeal of right and for which a defendant does not have a constitutional right to counsel. "Counsel has no
other constitutional obligations because a defendant has no right to counsel for purposes of discretionary review."
Wilson at 27.
3. Frye at 1410.
4. Ex parte Lemke, 13 S.W.3d 791, 797 n.6 (Tex. Crim. App. 2000).