

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. AP-76,891 & AP-76,892

### EX PARTE ANDREW KELLY ARGENT, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS FROM LIBERTY COUNTY

**JOHNSON, J.,** filed a dissenting opinion.

### D I S S E N T I N G   O P I N I O N

The state proposes a plea bargain. For whatever reason, defense counsel fails to transmit that offer to the client. Some time later, the client discovers that, unbeknownst to him, an offer was made but not conveyed to him. The client states that he would have accepted the plea-bargain offer but, not knowing of it, went to trial and received a sentence much longer than that included in the plea-bargain offer.

Or perhaps defense counsel misstated the law or gave other inaccurate information, and because of that advice, the client decided to go to trial instead of accepting an outstanding plea-bargain offer by the state and then received a sentence much longer than that included in the plea-

bargain offer.

"The right to counsel is the right to effective assistance of counsel." *Missouri v. Frye*, ___ U.S. ___, ___; 132 S.Ct. 1399, 1404 (2012); 2012 U.S. LEXIS 2321, *** (citing *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). After noting that plea agreements account for well over 90% of all criminal convictions and that the criminal-justice system benefits from plea agreements–e.g., conservation of judicial resources–the Supreme Court stated that, in order to realize the benefits of plea bargaining, "criminal defendants require effective counsel during plea negotiations. 'Anything less . . . might deny a defendant "effective representation by counsel at the only stage when legal aid and advice would help him."'" *Frye* at 1407-08, *quoting Massiah v. United States*, 377 U.S. 201, 204 (1964).

In an effort to obtain relief on the grounds of ineffective assistance of counsel, the client files an application for a writ of habeas corpus. As the majority states, the *Frye-Lafler*[1] "standard demands more from applicants seeking to demonstrate that they received ineffective assistance of counsel," Maj. op. at 2, than the prior Texas standard of showing that he was "prejudiced [simply] by the missed opportunity of accepting such bargain and presenting it to the trial court for consideration." Maj. op. at 3. Unfortunately, what the new standard requires is a highly developed ability to read minds and predict the future actions of other persons. As Justice Scalia noted, "Prejudice is to be determined . . . by a process of retrospective crystal-ball gazing posing as legal analysis." *Frye* at 1413 (Scalia, J., dissenting).

In *Ex parte Jarrett*, 891 S.W.2d 935 (Tex. Crim. App. 1994), this Court took a tack similar to that taken by the Supreme Court in *Frye* and *Lafler*. The standard set in *Jarrett* was that

---

[1] *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012); 2012 LEXIS 2322.

> appellate counsel has a duty to notify the appellant of the actions of the appellate court and to consult with and fully advise the appellant of the meaning and effect of the opinion of the appellate court. Finally, although appellate counsel has no duty to file a petition for discretionary review, appellate counsel does have the duty . . . to advise the appellant of the possibility of review by this Court as well as expressing his professional judgment as to possible grounds for review and their merit, and delineating the advantages and disadvantages of any further review.

*Id.* at 940 (internal citation omitted).

That standard required, albeit to a lesser degree than *Frye* and *Lafler*, "crystal-ball gazing posing as legal analysis"; the appellate attorney had to read the minds of the judges of this Court and predict the future actions of this Court. It did not work in the real world. A little more than three years later, the Court overruled *Jarrett* "to the extent it held that an appellate attorney has an obligation to inform a defendant of anything other than the fact that his conviction has been affirmed and he can pursue discretionary review on his own. This information sufficiently protects a defendant's right to file a petition for discretionary review." *Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).[2] With some tweaking over the years since, *Wilson* remains the standard.

How is a defendant to demonstrate, if the offer was not conveyed, that the state would not have withdrawn it? How is he to know that legal advice given by counsel is wrong? How is he to ascertain the consequences of rejecting a plea-bargain offer if he is given inaccurate information by his lawyer? How is he to determine whether a given judge will or will not accept the offer?

While it may be true that "[i]t can be assumed that in most jurisdictions prosecutors and

---

[2] At least in part, the basis for the holding in *Wilson* is that *Jarrett* analogized the duties of trial counsel to protect the defendant's right to appeal, which is an appeal of right that entitles a defendant to the assistance of counsel, to the duties of appellate counsel to protect a defendant's right to petition for discretionary review, which is not an appeal of right and for which a defendant does not have a constitutional right to counsel. "Counsel has no other constitutional obligations because a defendant has no right to counsel for purposes of discretionary review." *Wilson* at 27.

judges are familiar with the boundaries of acceptable plea bargains and sentences,"[3] it is highly unlikely that a defendant is equally familiar, and it is the defendant who is required to make the initial decision to accept or reject an offer. I think that *Lemke* was correct: we should not "view after-the-fact speculation into whether or not the trial court would have granted the plea bargain as particularly meaningful."[4] The same is true of speculation, after the fact, as to whether the state would have left an unconveyed offer on the table until trial.

Because the burden on a writ is on the applicant, should we not review "restriction" from the perspective of the applicant? By any measure, from the perspective of the applicant the new federal standard is much more restrictive than *Lemke*. The *Lemke* standard did not impose greater restrictions than the federal standard announced in *Frye* and *Lafler*; it imposed lower restrictions and does not, therefore, offend the Supremacy Clause.

The only valid claim that an applicant can rationally make in an application for a writ of habeas corpus that is based on the circumstances at issue here is that, if he had known of the offer, or had been given accurate information about the consequences of rejecting the offer, he would have accepted it. Any assertions about what the state would have done or what the trial court would have done would be pure speculation on the part of the applicant. Let the applicant assert that, given complete and accurate information, he would have accepted the plea-bargain offer, then let the state and the trial court respond, if they can, in rebuttal or in affirmation.

Even if the judge and the prosecutor are still available for inquiry, it seems unlikely, absent distinctive circumstances, that either could state with certainty what they would have done, assuming

---

[3] *Frye* at 1410.

[4] *Ex parte Lemke*, 13 S.W.3d 791, 797 n.6 (Tex. Crim. App. 2000).

that they remember the case.  If they cannot say, how is the applicant to say?  He can only speculate, and speculation has no place in a court of law.  The burden expressed in *Frye* and *Lafler* makes futile a claim of ineffective assistance of counsel based on an offer that was not conveyed or an attorney of record who gave advice that was clearly wrong and which induced a plea.  The Supreme Court has declared that a defendant is entitled to competent assistance of counsel during plea negotiations.  *Frye* and *Lafler* make a mockery of that entitlement by imposing, on an applicant who is asserting ineffective assistance of counsel during that process, a burden so onerous that it can never be met.

I respectfully dissent.


Filed:  March 20, 2013
Publish