82,958-01

Samuel Wade Dooley
TDCJ No. 1075237
Huhes Unit
Rt. 2, Box 4400
Gatesville, Texas  76597

Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Ausitn, Texas  78711

February 15, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

FEB 24 2015

Abel Acosta, Clerk

RE:  CCA WRIT No. UNKNOWN
     TR. CT. WRIT No. W401-81397-00-HC

Dear Clerk:

Please present this "Letter Supplement to Applicant's PRO SE OBJECTIONS to Convicting Court's Order (Findings and Conclusions) Recommending That Relief be Denied" to the Court.

## LETTER SUPPLEMENT TO APPLICANT'S PRO SE OBJECTIONS TO CONVICTING COURT'S ORDER (FINDINGS AND CONCLUSIONS) RECOMMENDING THAT RELIEF BE DENIED

TO THE HONORABLE JUDGES OF THIS COURT:

The State's Response and the convicting court's Order focused on appellate counsel's conduct. Thus, in an attempt to keep things simple, Applicant's OBJECTIONS focused on appellate counsel's conduct in relation to notification of the denial of the PRO SE motion for rehearing. However, in his writ application, Applicant also complained about other actions of the court of appeals in addition to that court's failure to NOTIFY Applicant that his PRO SE motion for rehearing had been denied. Applicant also complained that after the rehearing was denied, the court of appeals told Applicant the rehearing was "still pending" and considered an invaild second, or amended, motion for rehearing. Applicant's Ground for Relief is that all these actions of the court of appeals misled Applicant about the true deadline to file a PDR.

These additional actions of the court of appeals further invaildate the State's, and convicting court's, focus on the

conduct of appellate counsel. Irrespective of what appellate counsel did in this case, or what appellate counsel can remember about what he did, these additional actions of the court of appeals still worked to mislead Applicant about the true due date to file his PDR. Even if appellate counsel took the extraordinary step and notified Applicant of the actions of the court of appeals **after** counsel's duties in this case had ceased -- those additonal actions of the court of appeals still would have misled Applicant about the due date for the PDR.

Therefore, the convicting court's findings do not address Applicant's actual Ground for Relief and the findings are not supported by the record. This Court of Criminal Appeals should grant RELIEF based upon the current record.

Respectfully Submitted,

x _Samuel Wade Dooley_
Samuel Wade Dooley
Applicant PRO SE

SWD/swd
cc: District Clerk, District Attorney, FILE

## VERIFICATION / CERTIFICATE OF SERVICE

I, Samuel Wade Dooley, TDCJ Id. No. 1075237, being presently incarcerated in the Hughes Unit of TDCJ-CID, in Coryell County, Texas, do declare under the penalty of perjury that the facts in this Letter Supplement are true and correct and that I have caused a copy of this Letter Supplement to be served on the Collin County District Attorney, on the date executed below, by placing it in the prison mail system to be mailed 1st Class USPS.
EXECUTED on this the _15th_ day of _FEBRUARY_ , 2015.

x _Samuel Wade Dooley_
Samuel Wade Dooley
Applicant PRO SE

## CERTIFICATE OF COMPLIANCE WITH RULE 73

I, Samuel Wade Dooley, certify that this Letter Supplement is 2 pages in length, for a total of 47 pages in argument prsented to support the 11.07 writ application and otherwise complies with the rules to the best of my ability. See, Tex. R, App. P. 73.3.

x _Samuel Wade Dooley_
Samuel Wade Dooley
Applicant PRO SE

## W401-81397-00-HC

Ex parte Samuel Wade Dooley      §      In the

§

§      401st District Court

§

§      of Collin County, Texas

### Order

On this day came to be heard Applicant's Application for Writ of Habeas Corpus and the State's Response. The Court finds that Applicant has unreasonably delayed filing his writ application and that the State has been prejudiced in its ability to respond to the writ. Moreover, Applicant's writ materials indicate he knew from the Court of Criminal Appeals when his Petition for Discretionary Review was due. Accordingly, this Court recommends that the Court of Criminal Appeals **DENY** Applicant's Application.

**IT IS ORDERED** that the Clerk of this Court shall send copies of the Order to Samuel Wade Dooley, TDCJ# 01075237, Hughes Unit, Route 2 Box 4400, Gatesville, TX 76597, or his last known address, and the Appellate Division of the Collin County District Attorney's Office.

**IT IS FURTHER ORDERED** that the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of Applicant's Application, the State's Response, and this Order.

SIGNED this _05_ day of _FEB_, 2015.

JUDGE ~~PRESIDING~~

1

CCA WRIT NO. _____

TR. CT. WRIT NO. W401-81397-00-HC

TRIAL CAUSE NO. 401-81397-00

|  |  |  |
|---|---|---|
| EX PARTE | § | IN THE COURT OF |
|  | § | CRIMINAL APPEALS OF TEXAS |
| SAMUEL WADE DOOLEY | § |  |
|  | § | AT AUSTIN, TEXAS |

## APPLICANT'S PRO SE MOTION TO HOLD WRIT APPLICATION IN ABEYANCE FOR APPLICANT TO RESPOND TO NEW ALLEGATIONS OF LACHES

TO THE HONORBALE JUDGES OF THIS COURT:

In its Response the STate claimed reasons for laches that Applicant has not had an opportunity to address. True enough, Applicant, Samuel Wade Dooley, did extensively address laches in his writ application (and supporting documents). However, the State misconstrued, and in effect replead, Applicant's ground for relief. Instead of addressing the court of appeals failure to NOTIFY Applicant when the PRO SE motion for rehearing was denied, the State addressed appellate counsel's duty to notify Applicant about the right to file a PRO SE PDR. Thus, the State argued for laches related to the conduct of counsel -- becuase counsel cougld not remember what happen. Applicant has not had an opportunity to address laches as related to the conduct of counsel.[1] Applicant is entitled to an opportunity to address laches as it relates to the new allegations raised by the State.[2] See, Ex parte Smith, No. WR-79,465-01 (Tex.Crim.App. - October 1, 2014) Slip Op. pg. 14.

## PRAYER

WHEREFORE, ALL CONSIDERED, SAMUEL WADE DOOLEY, the Applicant, acting PRO SE, PRAYS this Honorable Court GRANT this motion in all things and therein ORDER the writ application held in abeyance and ORDER the convicting court to hold an evidentiary hearing; AND, ANY AND ALL OTHER RELIEF THIS COURT FINDS PROPER IN THE

INTEREST OF JUSTICE.

Respectfully Submitted,

_x ＿＿＿＿＿＿＿＿＿＿＿＿_
Samuel Wade Dooley
TDCJ No. 1075237
Hughes Unit
Rt. 2, Box 4400
Gatesville, Texas  76597

APPLICANT PRO SE

FN1.  The State's Response was FILED on January 29, 2015 and the
      convicting court's "Order" was entered on February 5, 2015.
      Applicant is incarcerated and this was insufficent time,
      even without mail delays, for Applicant to respond to the
      new allegations of laches.

FN2.  For instance, the convicting court could obtain the Tarrant
      County Jail legal mail logs from when Applicant was incarcerated
      there in 2002 which would show ALL the legal mail Applicant
      received from both the court of appeals and appellate counsel.

## VERIFICATION / CERTIFICATE OF SERVICE

    I, Samuel Wade Dooley, TDCJ No.1075237, presently being
incarcerated in the Hughes Unit of TDCJ-CID in Coryell County,
Texas do declare under the penalty of perjury that the facts
in this motion are true and correct and that I have caused a
copy of this motion to be mailed to the Collin County District
Attorney by 1st Class USPS by placing in the prison mail system
on the date executed below.

EXECUTED on this the 15th day of FEBRUARY , 2015.

x ＿＿＿＿＿＿＿＿＿＿＿＿_
SAMUEL WADE DOOLEY
APPLICANT PRO SE

Samuel Wade Dooley
TDCJ No. 1075237
Hughes Unit
Rt. 2, Box 4400
Gatesville, Texas 76597

ATTN: Mark Adams, Chief Deputy Clerk
Clerk
Court of Criminal Appeals of Texas
P.O. Box 12308
Austin, Texas 78711

February 15, 2015

RE: HOLD DOCUMENTS UNTIL TRIAL COURT FORWARDS WRIT APPLICATION

Dear Mr. Adams,

I am not sure if the trial court has forwarded the writ application in this case to this Court yet. The trial court writ number is W401-81397-00-HC from the 401st District Court in Collin County, Texas. On February 5, 2015 the trial court entered its Order recommending that relief be denied and for the writ application to be forwarded to this Court. If the writ application has not yet be forwarded or filed in this Court please HOLD these documents to be FILED in that case when it is filed.

Basically, I do not trust the Collin County District Clerk and the mail system to get the OBJECTIONS in the writ record in time to be forwarded to this Court. So, I am mailing a copy directly to this Court.

Thus, please find enclosed one original of the following documents to file in this case:

1) Applicant's PRO SE Motion to Hold Writ Application in Abeyance for Applicant to Respond to New Allegations of Laches;

2) Applicant's PRO SE OBJECTIONS to Convicting Court's Order (Findings and Conclusions) Recommending That Relief be Denied;

3) EXHIBIT "AAA";

4) EXHIBIT "BBB"; and,

5) EXHIBIT "CCC".

Thank you for your time and concern in this matter.

Respectfully,

x _____
Samuel Wade Dooley
Applicant PRO SE

CCA WRIT NO. _____

TR. CT. WRIT NO. W401-81397-00-HC

TRIAL CAUSE NO. 401-81397-00

EX PARTE

SAMUEL WADE DOOLEY

§
§
§
§
§
§

IN THE COURT OF

CRIMINAL APPEALS OF TEXAS

AT AUSTIN, TEXAS

**APPLICANT'S PRO SE OBJECTIONS TO CONVICTING COURT'S ORDER (FINDINGS AND CONCLUSIONS) RECOMMENDING THAT RELIEF BE DENIED**

TO THE HONORABLE JUDGES OF THIS COURT:

Applicant, Samuel Wade Dooley, OBJECTS to the convicting court's Order (Findings, Conclusions, and Recommendation) entered on Febraury 5, 2015, for the following reasons:

1)   The convicting court's finding that the writ record "indicates" that Applicant knew when the PDR was due is not supported by the record; because, the denial of the PRO SE motion for rehearing restarted the deadline to file a PDR to a date **after** the date set by the extension of time. See, Tex. R. App. P., 68.2(a); EXHIBIT "AAA" - Applicant's Exhibit "K" (Interal Court Docket Sheet from Court of Criminal APpeals -- 11/14/2002 "Remarks").

2)   The convicting court's finding that laches should be applied to prevent relief is not supported by the record; because, at the time the PRO SE motion for rehearing was denied:

a)   appellate counsel did not have a duty to notify Applicant of that denial, and
b)   Applicant was not incarcerated in TDCJ;

therefore, what appellate counsel (or TDCJ) remembers about the case is immaterial to its resolution. See, Ex parte Jarrett, 891 S.W.2d 935, 944 (Tex.Crim.App.1994), as modified by Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim.App.1997)(both cases determining that counsel's duty is **completed** when he provides notice about appellate opinion); EXHIBIT "BBB" - Applicant's Exhibit "D" (Rule 4.5 Motion - Motion Exhibit "2"), EXHBIT "CCC" - Applicant's Exhibit "Q" (Bench Warrant & Job Change Slip).

The State, and thus the convicting court, appears to have misunderstood Applicant's postion. Applicant does not complain about the conduct of appelate counsel and does not rely directly on Ex parte Jarrett and Ex parte Wilson that follow the Sixth Amendment. ~~Rahter,~~ Rather,

Applicant's ground for relief is that the court of appeals denied Applicant of DUE PROCESS by its actions, or incations, when that court failed to NOTIFY Applicant when his PRO SE motion for rehearing was denied (and other actions). See, State's Response pg. 2. This was a denial of DUE PROCESS under the Fourteeth Amendment because the failure to NOTIFY prevented "meaningful access and an adequate opportunity" for Applicant to timely file a PDR. See, Ross v. Moffitt, 94 S.Ct. 2437, 2444, 2447 (1974), Reese v. State, 877 S.W.2d 328, 331, 333 (Tex.Crim.App.1994).

STANDARD OF REVIEW

The convicting court's findings of fact and conclusions of law must be supported by the writ record (including aimplied findings). See, Ex parte Reed, 271 S.W.3d 698, 727 (Tex.Crim. App.2008), Ex parte Wheeler, 203 S.W.3d 317, 325-326 (Tex.Crim. App.2006)(implied findigs). This Court of Criminal Appeals has a statutory duty to review the convicting court's factual findings and legal conclusions and to reject them when they are not supported by the record. See, Ex parte Simpson, 136 S.W.3d 660, 668-669 (Tex.Crim.App.2004).

BACKGROUND

Applicant presented one ground for relief in his writ application which was that he was denied DUE PROCESS when the court of appeals failed to NOTIFY him that his PRO SE motion for rehearing was denied. Applicant also addressed why laches should not prevent the granting of relief; to include, because it was the State of Texas that refused to disclose material evidence, the Tarrant

County Jail legal mail logs, that would demonstrate that **no one** notified Applicant when his PRO SE motion for rehearing was denied. See, Writ application - Ground Two. And, Applicant also explained that he had just recently discovered internal court documents from the court of appeals and this Court of Criminal Appeals. These internal court documents disclose that the court of appeals did not NOTIFY Applicant and the deadline for when this Court considered the PDR was due. EXHIBIT "AAA" - Applicant's Exhibit "K"; Applicant's Exhibit "G".

The State responded with affidavits from appellate counsel and TDCJ. Appellate counsel did not review the writ application in order to make his affidavit; rather, counsel relied upon an unnamed person's (false) representation that the writ application complained that counsel had failed to notify Applicant of the **right** to file a PRO SE motion for rehearing or PRO SE PDR. See, State's Exhibit "A" - Affidavit of Appellate Counsel. Appellate counsel further stated that he could not recall for certain if he notified Applicant "about these things" (the **right** to file PRO SE pleadings). Nevertheless, the writ record does demonstrate that appellate counsel did indeed notify Applicant about his right to file a PRO SE motion for rehearing or PRO SE PDR on July 3, 2002 and "closed" his file in this case on that date. EXHIBIT "BBB" - Applicant's Exhibit "D" (Rule 4.5 Motion - Motion Exhibit "2"). Thus, appellate counsel's affidavit does not address **whether counsel notified, or had a practice to notify, Applicant, after he closed his file in the case, when the court of appeals denied the PRO SE motion for rehearing.** Moreover, the affidavit from TDCJ is immaterial to this case because the writ record

demonstrates that at the time the PRO SE motion for rehearing was denied, Applicant was not incarcerated in TDCJ but was incarcerated in the Tarrant County Jail.   EXHIBIT "CCC" - Applicant's Exhibit "Q" (Bench Warrant & TDCJ Job Change Slip).

Therefore, in its response the State calimed prejudice in its ability to respond to the writ application.  See, State's Responce, pg. 2-3.  The State seemed to believe that the PDR was due on Septemeber 2, 2002 pursuant to a moot extension of time granted by this Court of Criminal Appeals.  Thus, the State totally ignored Applicant's ground that the court of appeals failed to NOTIFY Applicant when his PRO SE motion for rehearing was denied. Yet, this Court of Criminal Appeals considered the PDR due 30 days **after** the court of appeals failed to NOTIFY Applicant that the PRO SE motion for rehearing had been denied.  EXHIBIT "AAA" - Applicant's Exhibit "K" (Internal Court Docket Sheet - 11/14/2002).

The convicting court signed and entered the proposed Order provided by the State.  The convicting court signed this Order on February 5, 2015, just 5 working days after the State filed its Response.  Applicant learned of the convicting court's Order when Applicant's Dad looked it up on the Internet.  (At the time of writing these OBJETIONS Applicant has not received a copy of the Order from the Collin County District Clerk nor the 401st District Court.)  These OBJECTIONS follow. See, Tex. R. App. P., 73.4(b)(2).

RULES RESTART DEADLINE TO FILE PDR (WHEN REHEARING IS DENIED)

In its Response the State claimed that:

"[T]he Court of Criminal Appeals Docket Sheet, [notes] that Court granted Applicant's pro se motion for extension of time to file his Petition for

Discretionary Review on July 19, 2002, with the note "NFE", which means no further extensions would be permitted by the Court, thus indicating that Applicant knew when his PDR was due."

See, State's Respons, pg. 3. This led to the convicting court's finding that:

"Applicant's writ materials indicate he knew from the Court of Criminal Appeals when his Petition for Discretionary Review was due."

This finding is not supported by the record.

It is not in dispute that Applicant knew this Court granted him an extension until Spetember 2, 2002 to file a PDR. However, after that extension was granted, the 5th District Court of Appeals legally allowed Applicant to file a PRO SE motion for rehearing.[1] Applicant's Exhibit "D" (COA Order -- 08/05/2002). When the court of appeals denied the motion for rehearing, Rule 68.2(a) of the Texas Rules of Appellate Procedure operated to restart the time limit, or deadline, to file a PDR. Thus, the prior deadline set by the extension, that Applicant was aware of, was moot (and did not matter anymore).

Rather, as the writ record demonstrates, this Court of Criminal Appeals considered the PDR due 30 days after the court of appeals failed to NOTIFY Applicant that his PRO SE motion for rehearing was denied. EXHIBIT "AAA" - Applicant's Exhibit "K" (Internal Court Docket Sheet - 11/14/2002 "Remarks"). The PDR was due on October 7, 2002. This is the deadline for which Applicant was unaware as a result of the actions, or inactions, of the 5th District Court of Appeals. Nothing in the record even tends to support the finding that Applicant knew when his PDR was due.

---

1. See, Tex. R. App. P., 4.5. This rules allows the court of appeals to grant a litigant additonal time to file a motion for rehearing when the litigant was not timely notifed of the court of appeals Opinon.

In its Response the State claimed prejudice in its ability
to respond to the writ applicant because appellate counsel had
disposed of his files.[2] See, State's Response, pg. 2-3. Further,
the State misrepresented appellate counsel's affidavit, claiming
that the affidavit addressed the ground for relief about nootification
of the **denial** of the PRO SE motion for rehearing. Appellate
counsel's affidaivt only addressed whether counsel notified Applicant
about the **right to file** a PRO SE motion for rehearing or PRO SE
PDR. See, State's Exhibit "A" - Affidavit of Appelate Counsel.
Nevertheless, the convicting court accepted the State's arguement
and found that, "the State has been prejudiced in its ability
to respond to the writ." This finding is not supported by the record.
Primarly, as just mentioned, appellate counsel does **NOT**
address in his affidavit whether he remembers if he did, or would
have, notified Applicant of the denial of the PRO SE motion for
rehearing. Rather, while admitting that he did not review the
writ application, counsel states that someone told him the writ
application complained that counsel did not notify Applicant
of the right to file a PRO SE motion for rehearing or a PRO SE
PDR. See, State's Exhibit "A" - Affidaivt of Appellate Counsel.
Thus, the record does not support that the State proved prejudice
in its ability to respond to the writ application.

In fact, the record demonstartes that appellate counsel
did notify Applicant of the right to **file** a PRO SE motion for

2. It appears the State has agreeded with Applicant that because Ex parte Perez should not be applied retroactively to this case that the old standards from Ex parte Carrio apply. Applicant will use the old standard here where the State uses it and later on Applicant will address the new standards from Ex parte Perez.

rehearing or PRO SE PDR. Indeed, on July 3, 2002 appellate counsel notfied Applicant that "there is no room for any ... motions for re-hearing or petitions for discretionary review" and that counsel was "closing [his] file in your case." EXHIBIT "BBB" - Applicant's Exhibit "D" (Rule 4.5 Motion - Motion Exhibit "2"). Appellate counsel provided Applicant with a copy of the court of appeals Opinion and made the decision not to help Applicant file a PDR. Once appellate counsel did that, the "attorney-client relationship conclude[d]" and "the duty of counsel end[ed]..." See, Ex parte Jarrett, 891 S.W.2d at 944, Ex parte Wilson, 956 S.W.2d at 27. Appellate counsel's duties towards Applicant ended on July 3, 2002 and counsel had no duty to notify Applicant when the court of appeals denied the PRO SE motion for rehearing on September 6, 2002. Surely, given the opportunity, appellate counsel would remember whether he took the extraordinary step to notify Applicant of the denial of the PRO SE motion for rehearing after his duties in the case had ceased and when it was the appellate court's duty to notify Applicant.

Yet, whether or not counsel can specially remember what he did -- that fact, in and of itself, is insufficent to invoke the doctrine of laches. When this Court expanded its use of the doctrine of laches in post-convction habeas corpus applications, this Court adopted Texas' common law approach to laches.[3] See, Ex parte Perez, 398 S.W.3d 206, 215 (Tex.Crim.App.2013). Texas' common law standards for laches requires the State to prove by

---

3. By addressing the new standards Applicant does not waive his arguemnt that because Ex parte Perez can not be applied retroactively to this case that the old standards from Ex parte Carrio must be applied. Indeed, under Ex parte Carrio the State must prove a particlularized showing of prejudice, which could include that "'there are no other sources from which the state can obtain the requisite information.'" See, Perez, 398 S.W.3d at 212 n.6. Such as, in this case, the Tarrant County Jail legal mail logs that would also prove whether appellate counsel notified Applicant of the denial of the PRO SE motion for rehearing.

a preponderance of the evidence both unreasonable delay and prejudice resulting from that delay. Id. at 210 n.3. Nothing in the record proves any prejudice whatsoever. However, even if a minimal amount of prejudice were evident, that claimed prejudice still does not outweigh the justifiable excuses for the passage of time presented by Applicant. See, Id. at 217. Moreover, that minimal prejudice is not the type of "material prejudice" necessary to invoke the doctrine of laches to prevent relief. See, Id. at 218.

Applicant's reasons for the passage of time included that the State has refused to disclose the Tarrant County Jail legal mail logs. These legal mail logs would disclose, not only that the court of appeals failed to NOTIFY Applicant about the denial of his PRO SE motion for rehearing, but also that appellate counsel did not notify Applicant of that action. Thus, for the same reason that the State's refusal to disclose this material evidence is a justifiable excuse for the passage of time as related to the actions of the appellate court -- whether appellate counsel can remember if he took the extraordinary step of notifing Applicant can not be held against Applicant. See, State v. Munoz, 991 S.W.2d 818, 822, 825 (Tex.Crim.App.1999); See also, Ex parte Perez, 398 S.W.3d at 217 (following speedy trial analysis).[4] Interesting, despite Applicant's complaints in the writ application about the State's refusal to disclose the Tarrant County Jail legal mail logs -- the State has continued to fail to disclose them (or even that they, like the TDCJ logs, no longer exist). One must wonder why the State has never disclosed these records?

NOT INCARCERATED IN TDCJ AT TIME REHEARING WAS DENIED

In its response the State also claimed prejudice because TDCJ did not retain mail logs from 2002 to show whether, "Applicant

received requiste notice in 2002." Yet, Applicant was incarcerated in the Tarrant County Jail when the court of appeals failed to NOTIFY Applicant that his PRO SE motion for rehearing had been denied. See, EXHIBIT "CCC" - Applicant's Exhibit "Q" (Bench Warrant & TDCJ Job Change Slip). The TDCJ records are wholly immaterial to the resolution of this case. Yet, the convicting court accepted the State's arguement and found that "the State has been prejudiced in its ability to respond to the writ." This finding is not supported by the record.

On July 3, 2002, appellate counsel wrote Applicant in TDCJ. EXHIBIT "BBB" - Applicant's Exhibit "D" (Rule 4.5 Motion - Motion Exhibit "2"). However, on August 21, 2002, the Tarrant COunty Sheriff executed a Bench Warrant and took custody of Applicant in the Tarrant County Jail. EXHIBIT "CCC" - Applicant's Exhibit "Q" (Bench Warrant). On August 28, 2002, the court of appeals was notified of Applicant's change of address to the Tarrant County Jail. Applicant's Exhibit "F" (Notice of Change of Address). Thereafter, on September 6, 200&the 5th District Court of Appeals denied Applicant's PRO SE motion for rehearing. Applicant's Exhibit "E" (COA Order - 09/06/2002). On September 19, 2002 the court of appeals received pleadings from Applicant from the Tarrant County Jail and on October 4, 2002 the court of appeals mailed an Order to Applicant at the Tarrant County Jail (that Applicant received). Applicant's Exhibit "H" (COA Order - 10/04/2002 & AMENDED PRO SE motion for rehearing). Finally, on December 18, 2002 TDCJ completed "processing" Applicant back into TDCJ and assigned him to a regular prison job. EXHIBIT "CGC" - Applicant's Exhibit "Q" - (TDCJ Job Change Slip).

---

4.    Remembering that in speedy trial claims it was the State's passage of time that had to be explained and reasons for the State's passage of time would necessary correspnd to the Applicant's reasons for the passage of time.

Thus, the record is clear that at the time the 5th District Court of Appeals denied the PRO SE motion for rehearing (and when the PDR was due) Applicant was incarcerated in the Tarrant County Jail. Therefore, the record does not support the convicting court's finding that TDCJ's failure to retain mail logs from 2002 prejudiced the State's ability to respond to the writ application.

CONCLUSION

Neither the State nor the convicting court have actually addressed the specfic ground for relief in the writ application. Applicant's ground relies upon the DUE PROCESS Clause of the Fourteeth Amendment to the U.S. Consitution. Nothing in the writ application makes any reference to the Sixth Amendment or any complaints against appellate counsel. Thus, the convicting court was incorrect to focus on the conduct of appellate counsel. Indeed, at the time when the court of appeals failed to NOTIFY Applicant of the denial of the PRO SE motion for rehearing, appellate counsel's duties in the case had ceased. The inability to confirm any facts about the conduct of counsel could never prejudice the State in this case. And, certainly, it would not be material prejudice that would outweigh the State's refusal to disclose the very evidence that is needed to demonstrate that no one notified Applicant when his PRO SE motion for rehearing was denied. In fact, the State has still refused to disclose this material evidence -- the Tarrant County Jail legal mail logs.

The convicting court's Order (Findings, Conclusion, and Recommendations) is not supported by the record. This Court of Criminal Appeals should hold that Applicant is entitled to RELIEF based upon the present record. Alternatively, this Court should hold the case in abeyance and require the convicting court to hold an evidentary hearing (and enter appropriate findings).

Respectfully Submitted,

x _____

Samuel Wade Dooley
TDCJ No. 1075237
Hughes Unit
Rt. 2, Box 4400
Gatesville, Texas 76597

APPLICANT PRO SE

## VERIFICATION BY INMATE DECLARATION

I, Samuel Wade Dooley, TDCJ No. 1075237, being presently incarcerated in the Hughes Unit of TDCJ-CID in Coryell County, Texas, do declare under the penalty of perjury that the facts in these OBJECTIONS are true and correct to the best of my belief.

EXECUTED on this the 15th day of FEBRUARY , 2015.

x _____
Samuel Wade Dooley
Applicant PRO SE

## CERTIFICATE OF SERVICE (TO STATE AND COURT)

I, Samuel Wade Dooley, certify that I have caused a copy of these OBJECTIONS to be mailed by 1st Class USPS to the Collin County District Attorney and the CLerk of the COurt of Criminal Appeals, **by placing it in the prison mail system**, on this the 15th day of FEBRUARY , 2015.

x _____
Samuel Wade Dooley
Applicant PRO SE

## CERTIFICATE OF COMPLAINCE WITH RULE 73

I, Samuel Wade Dooley, certify that these PRO SE OBJECTIONS are 10 pages in length, for a total of 45 pages in arguemnt presented to support this 11.07 writ applcation, and otherwise complaies with the rules to the best of my ability. See, Tex. R. App.P., 73.3; Tex. R. App. P. 73.1.

x _____
Samuel Wade Dooley
Applicant PRO SE

CCA WRIT NO. _____

TR. CT. WRIT NO.  W401-81397-00-HC

TRIAL CAUSE NO.  401-81397-00

EX PARTE

SAMUEL WADE DOOLEY

§
§
§
§
§
§

IN THE COURT OF

CRIMINAL APPEALS OF TEXAS

AT AUSTIN, TEXAS

## EXHIBIT "AAA"

Excert from:

Applicant's Exhibit "K"

Internal Court Docket Sheet from Court of Criminal Appeals

**"Remarks" on 11/14/2002 show due date for PDR**



**Court of Criminal Appeals**
CCA Version 2.4.6.1

**Docket Sheet**

**Case Number: PD-1250-02**
5/1/2014 To 5/22/2014

Report Printed On:
5/22/2014 1:26:30 PM

| Petitioner: | Appellant | | | Record Filed: | 11/14/2002 |
| Style: | DOOLEY, SAMUEL WADE | | | Motion Filed: | |
| vs: | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Original Proceeding: | No | Case Type: | PDR | Case Priority: | Regular | Location: | CCA Locations - COA |
| Defendant in Jail: | Yes | Bond: | | Punishment: | 45 YRS | | |
| Offense: | AGGRAVATED SEXUAL ASSAULT | | | Enhancement: | | | |
| Offense Code: | 22.021 | Offense Type: | Aggravated Sexual Assault | | | | |

Remarks: COA Opinion - AFF 06-04-02

## Trial Court Information

| | |
|---|---|
| Trial Court ID: | 320430401 |
| County: | Collin |
| Trial Court Name: | 401ST DISTRICT COURT |
| Trial Court Case Number: | 401-81397-00 |
| Trial Court Judge: | MARK JOSEPH RUSCH |
| Trial Court Reporter: | |
| Court of Appeals Case: | 05-01-01172-CR |
| COA Opinion: | AFF 06-04-02 |
| Contents: | EXT PDR, CR, RR (5 VOLS), BR, S BR, PSMFREH |
| Remarks: | Pre-conversion Trial Court Judge: MARK JOSEPH RUSCH |

## Parties Associated with Case

| Party Type | Party Name |
|---|---|
| APP | DOOLEY, SAMUEL WADE |

### Representatives Associated with the Party

| Representative Type | Representative Name | Bar Number | Date On | Date Off |
|---|---|---|---|---|
| INM | Samuel W. Dooley | | 01/01/1980 | |

| Party Type | Party Name |
|---|---|
| STA | STATE OF TEXAS |

### Representatives Associated with the Party

| Representative Type | Representative Name | Bar Number | Date On | Date Off |
|---|---|---|---|---|
| DAT | John Roach | | 01/01/1980 | |

## Interested Entities Associated with Case

| Interested Entity Name | Interested Entity Type | Bar Number | Notice? | Date On | Date Off | Remarks |
|---|---|---|---|---|---|---|
| Samuel W. Dooley | INM | | Yes | 01/01/1980 | | |
| Tom O'Connell | DAT | | Yes | 01/01/1980 | | |
| Lisa Matz | CLK | | Yes | 01/01/1980 | | |

## Process: PDR FILED - PRO SE

### Events

| Event Date | Event | Description | DispositionType | Oral | EnBanc | SubmissionType | Submission Process |
|---|---|---|---|---|---|---|---|
| 7/19/2002 | EXT PDR FILED | PRO SE | | No | | | |

*** Remarks:

| Event Date | Event | Description | DispositionType | Oral | EnBanc | SubmissionType | Submission Process |
|---|---|---|---|---|---|---|---|
| 7/19/2002 | EXT PDR DISP/NFI PRO SE | | GRANTED | No | | | |

*** Remarks:

**Court of Criminal Appeals**
CCA Version 2.4.6.1

**Docket Sheet**

**Case Number: PD-1250-02**

**5/1/2014 To 5/22/2014**

Report Printed On:

5/22/2014 1:26:30 PM

| Petitioner: | Appellant | | | | Record Filed: | 11/14/2002 |
|---|---|---|---|---|---|---|
| Style: | DOOLEY, SAMUEL WADE | | | | Motion Filed: | |
| vs: | | | | | | |

| | | | | | |
|---|---|---|---|---|---|
| 8/29/2002 | MOTION FILED | PRO SE | | No | |
| *** Remarks: | Location: CLK MOTION FOR CCA TO TAKE JUDICIAL NOTICE OF PROCEEDINGS IN COA | | | | |
| 9/5/2002 | MOTION DISP | PRO SE | DENIED | No | |
| *** Remarks: | Location: HPB MOTION FOR CCA TO TAKE JUDICIAL NOTICE OF PROCEEDINGS IN COA | | | | |
| 11/14/2002 | PDR FILED | PRO SE | | No | |
| *** Remarks: | Location: CLK UNTIMELY FILED (COA OP 6-4-02; PSMFREH DEN 9-6-02; PDR DUE 10-7-02; PDR CERT OF SERV 11-1-02; FILED IN COA 11-4-02; PSTMRK 11-1-02; 2ND PSMFREH DEN 10-4-02 | | | | |
| 11/14/2002 | PDR FILED | PRO SE | | No | |
| *** Remarks: | | | | | |
| 11/20/2002 | PDR DISP | PRO SE | UNTIMELY | No | |
| *** Remarks: | | | | | |
| 11/20/2002 | PDR DISP | PRO SE | UNTIMELY | No | |
| *** Remarks: | | | | | |
| 12/6/2002 | FINAL DISP/UNTIM PRO SE | | UNTIMELY | No | |
| *** Remarks: | | | | | |
| 1/2/2003 | REH RECD/UNTIMI PRO SE | | | No | |
| *** Remarks: | Location: CLK MFREH DUE 12-05-02; MFREH POSTMARKED 12-28-02; UNTIMELY FORWARDED TO COA TO BE PLACED IN RECORD | | | | |
| 1/21/2003 | MOTION RECEIVE PRO SE | | RECEIVED | No | |
| *** Remarks: | Location: CLK MOTION TO TAKE ACTION ON PRO SE MOTION FOR REHEARING SENT TO COA | | | | |
| 1/21/2003 | MOT RECONSIDEF PRO SE | | RECEIVED | No | |
| *** Remarks: | | | | | |
| 1/27/2003 | MOTION FILED | PRO SE | | No | |
| *** Remarks: | Location: CLK MOT TO REINSTATE APPEAL/DISCRETIONARY REVIEW WITH PETITION DUE TO NO OFFICIAL ORDER ISSUED ON DISMISSAL AND/OR LATE ISSUANCE NOTICE OF ORDER OF DISMISSAL | | | | |
| 1/27/2003 | MOTION DISP | PRO SE | DENIED | No | |
| *** Remarks: | | | | | |
| 2/6/2003 | REHEAR EXT MOT PRO SE | | NOACTION | No | . |
| *** Remarks: | | | | | |
| 2/14/2003 | MOTION RECEIVE PRO SE | | | No | |
| *** Remarks: | Location: CLK APP'S PRO SE PETITION FOR EN BANC RECONSIDERATION OF HIS MOTION TO REINSTATE APPEAL/PDR AND RELATED RELIEF - FORWARDED TO COA | | | | |
| 3/7/2003 | STAY MANDAT MC PRO SE | | | No | |

**Court of Criminal Appeals**
CCA Version 2.4.6.1

**Docket Sheet**
Case Number: PD-1250-02
5/1/2014 To 5/22/2014

Report Printed On:
5/22/2014 1:26:30 PM

| Petitioner: | Appellant | | Record Filed: | 11/14/2002 |
| Style: | DOOLEY, SAMUEL WADE | | Motion Filed: | |
| vs: | | | | |

**\*\*\* Remarks:**

| 3/28/2003 | STAY MANDAT MC PRO SE | DENIED | No |

**\*\*\* Remarks:**

**Calendars**

| Calendar | Date Set | Reason Set | En Banc OpinionComments |
|----------|----------|------------|-------------------------|
| STORED | 12/12/2002 | RETURNED COA | |

CCA WRIT NO. _____

TR. CT. WRIT NO.  W401-81397-00-HC

TRIAL CAUSE NO.  401-81397-00

|                    |   |                            |
|--------------------|---|----------------------------|
| EX PARTE           | § | IN THE COURT OF            |
|                    | § |                            |
|                    | § | CRIMINAL APPEALS OF TEXAS  |
| SAMUEL WADE DOOLEY  | § |                            |
|                    | § | AT AUSTIN, TEXAS           |

<u>EXHIBIT "BBB"</u>

Excert from:

Applicant's Exhibit "D"

Letter DATED July 3, 2002 from Appellate Counsel to Applicant

**Date when appellate counsel's duty in case ceased**

EXHIBIT "2"

**David K. Haynes**
**Attorney At Law**
**201 South McDonald Street, Suite A**
**McKinney, Texas 75069-5624**
**(972) 542-1793**
**(972) 562-6600 (Metro line)**

July 3, 2002

Mr. Samuel W. Dooley
TDCJ ID No. 1075237
Ferguson Unit
12120 Savage Drive
Midway, Texas 75852

Re:    Dooley v. State
       Cause No. 05-01-01172-CR
       Our file No. 6545

Dear Mr. Dooley:

I was surprised to receive your faxed letter of June 28, since the Court of Appeals decided your case on June 4. My records show that we sent you copies of the Opinion and the Judgment on June 6.

This is the reason I didn't reply to your lengthy correspondence about the proposed reply brief; by the time I received it, there was no point in filing a reply brief, since the case was already decided. The reply brief would have added nothing to your appeal; the court already knows that you disagree with the state's point of view.

As I read the opinion, there is no room for any additional post-conviction proceedings in the form of motions for re-hearing or petitions for discretionary review. As I have told you since the beginning, anyone who is trying to overturn the result of a voluntary open plea of guilty has an impossible task on his or her hands. I am closing my file in your case. Good luck in the future. I enclose additional copies of the opinion and judgment of the court of appeals.

Very truly yours,

David K. Haynes

DKH:id

CCA WRIT NO. _____

TR. CT. WRIT NO.   W401-81397-00-HC

TRIAL CAUSE NO.   401-81397-00

EX PARTE

SAMUEL WADE DOOLEY

§   IN THE COURT OF
§
§   CRIMINAL APPEALS OF TEXAS
§
§   AT AUSTIN, TEXAS

EXHIBIT "CCC"

Excert from:

Applicant's Exhibit "Q"

Bench Warrant and TDCJ Job Change Slip

**Applicant incarcerated in Tarrant County Jail when rehearing denied**

REC BOND = 20000.00

CRIMINAL DISTRICT COURT NO. 3
THE STATE OF TEXAS                    FILED
COUNTY OF TARRANT             TARRANT COUNTY

0779874

TO ANY PEACE OFFICER OF THE    2002 AUG 28 AM 10: 47
STATE OF TEXAS, GREETINGS:

You are hereby commanded to take the body of
THOMAS A. WILDER
DISTRICT CLERK

SAMUEL WADE DOOLEY            and him safely

keep, so that you have him before the Honorable

CRIMINAL DISTRICT COURT NO. 3    , in and for

Tarrant County, at the Court House thereof,
in the City of Fort Worth, instanter, to answer
the State of Texas on a charge by indictment of

INDECENCY-FONDLING

a misdemeanor felony.

issued under my hand and seal of office
in the City of Fort Worth, Texas

this    29TH day of   SEPTEMBER  2000

THOMAS A. WILDER

CLERK DISTRICT COURT
TARRANT COUNTY, TEXAS

By _____ Deputy

FORM C. C. 265

---

J/C Dallas Co S.O
CID-0558370    (Nm)
Indictment ret'd 9-29-00

No.  0779874D

TARRANT COUNTY

# WARRANT

THE STATE OF TEXAS
VS.
SAMUEL WADE DOOLEY
09186  FOREST LANE
DALLAS          TX 082678 W M
issued the    29TH day of

SEPTEMBER  2000

Came to hand on the 29th
day of September ,2000
and executed on the 21st
day of August ,2002
                    A. D.
by placing in Jail

Dee Anderson    ,
Tarrant    County,    Texas .

By _____ , Deputy.

Arrest  . . . . . . .$_____
Mileage  . . . . . . _____
Miscellaneous . . . _____
OCT 0 2 2000
Total . . . . . . . ,_____

JOB CHANGE

NAME: DOOLEY,SAMUEL WADE                    NO: 01075237

DATE: 12/18/2002  15:09:26                  RACE: W

THE ABOVE NAMED AND NUMBERED INMATE IS TO
BE ASSIGNED AS FOLLOWS:


HOUSE:      D4-013B

OLD JOB: UNASGN PROCESSING
NEW JOB: JANITOR 3RD

COMPLETED BY:_____

APPROVED BY:_____