This document contains some
pages that are of poor quality
at the time of imaging.

20,206-22

March 9, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

Dear Mr. Abel Acosta, Clerk,

Enclosed is one original writ of Mandamus in reference to Trial Court Case No. 17,957-272. Please file said writ with the Court of Criminal Appeals for ruling.

Your assistance in this matter is greatly appreciated. Thank You.

Sincerely,

Michael Anthony Moore

Michael Anthony Moore

This document contains some pages that are of poor quality at the time of imaging.

20,206-22

March 9, 2015

Dear Mr. Abel Acosta, Clerk,

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 13 2015

Abel Acosta, Clerk

    Enclosed is one original writ of Mandamus in reference to Trial Court Case No. 17,957-272. Please file said writ with the Court of Criminal Appeals for ruling.

    Your assistance in this matter is greatly appreciated. Thank you.

Sincerely,

Michael Anthony Moore

Michael Anthony Moore

2.

On or about the date of March 2, 2015, Relator File The Following:

1. Applicant Moore Applicant For A Writ Of Heabeas Corpus, Article 11.07;

2. Applicant Moore Motion For Evidentiary Hearing;

3. Applicant Moore Preliminary Motion Request for Notice and Request For Leave to File Motion For Evidentiary Hearing and

4. Applicant Moore Appliction And Memorandum Law Brief In Support Of Texas Code Criminal Procedure 11.07, Pursuant To T.C.C.P. Article 11.073.

3.

Response have Refusal to Act On Relator's Motion For Evidentiary Hearing;

A) Because the court of Criminal Appeals does not hear evidence only the trial court may condvct an evidence hearing.

If there are controverted and Previously Unresolved issues at fact the Court must conduct a hearing...

Ex Part Chamber, 612 S.W. 2d 573, 574 (Tex.Crim.App. (1981);

Only if the Application raises issues of law may the court dispense with a hearing)..

if the trial court denies a hearing to the applicant said Procedure Violates Art.11.07 and Further Violates Due Procedure by Deying the Applicant to Sustai ain his Burden of Proof.

Ex Parte Campos, 613 S.W. 2d 745, 746 (Tex.Crim.App. (1981);

STATEMENT OF THE CASE

Tuesday, July 19, 1988, Moring Session: 8:30 A.M. The Court: I Now Call 17,957-272 The State of Texas VS. Michael Anthony Moore on a "Felony Information" Filed Today.

Is the state ready?

Mr.Turner: State is ready Your Honor. The Court: Mr.Moore, Your Case, as it Now Stands Charges you with Burglary Of a Building by the Paper that we call a "Felony Information", Which is Just a Charging instrument.

In this Petition, Relator Moore alleged that the Trial Brief on State's failure to amend the Indictment Under Cause No.17,957-272, File on February 3,2015, By Deputy Clerk Office of Tracy Knighton.

1. Argument: The State Failed to Amend The Indictment Under Texas Law, The State has not Amended the Indictment. "Neither the Motion (To Amend) Itself

nor the trial Judge's Granting therof is an Amendment; rather the Two Comprise the Authorization for the eventual Amendment of the Charging Instrument Pursuant to article 28.10".

Page 2.

Rine V. State,28 S.W.3d 561(Tex.Crim.App.(2000) Quoting Ward V.State,829 S.W.-2d 787,793(Tex.Crim.App.(1992)("Emphasis Added").

In order for the Court to determine the merits of this claim within the time allotted by the Texas Code Of Criminal Procedure,it is necessary For the Court to desigate These Issues For future Resolution.See McCree V.Hampton,824 S.W.-2d 579);

(A Trial court must desisate all issues reqiring future resolution within Thirty-Five Days after the Filing of a Petition For Habeas Corpus in order to retain its Jurisdiction over the Case);

Cause No. 17,957-272,THE STATE OF TEXAS V. MICHAEL ANTHONY MOORE,Petition For Writ Of Hadeas Corpus;

See Also Tex.Code.Crim.P. Art. 11.07 § 3 (c),(d);

## Arguments

Mandamus is an extraordinary remedy,available only in limited Circumstances. Canadian Helicopters Ltd. V.Witting,879 S.W. 2d 304,305(Tex.1994);

it is the burden of the relator to show entitlement to the relief being reques sted.

See Generally Johnson V. Fourth Court Of Appeals,700 S.W. 2d 916.917(Tex.-1985) Orig.Proceeding).In Order to be entitled to relief,the relator must show the Following:(1) a legal duty to perform;(20 a demand for performance and (3) a refusal to act.

See Stoner V. Massey,586 S.W. 2d 843,846(Tex.1979).

A. Relator's Petition For Writ Of Mandamus should be Grant because the Trial ?
   Court has not Rule on his Motion For Evidentiart Hearinq,Pursuant to
Art.11.07 and further violates Due Procedure by Deying the Applicant to Sustai
ain his burden of proof.

Ex Parte Campos,613 S.W. 2d 745,746(Tex.Crim.App.(1981);

Relator asserts that the trial court has not Rule on his Pending Motion For Ev
Evidentiary Hearing.

Relator Requested that the trial Court Set a Evidentiary Hearing.

B. Relator's Petition for Writ Of Mandamus Should be Grant Because Relator
has no adequate remedy at law to resolve any errors.

Though Relator's Petition For Writ Of Mandmus Appears to take issue with the failure of the trial court to grant his Motion For Evidentiory Hearing that is now Pending in the Court.

To the extent that Relator's Petition For Writ Of Mandamus is to Compel the trial court to set a Evidentiart Hearing,Relator's Petition should be Grant

because he have no adequate remedy to address any errors.

To be entitled to Mandamus relief in a Criminal Case,a Relator must show, among other things,that he has no adequate remedy at law to redress that alleged harm.

state Ex Rel.Young V. Sixth Judicial Dist.Court of Appeals at Texarkana,- 236 S.W. 3d 207,210(Tex.Crim.App.(2007);

## CONCLUSION AND PRAYER

The issuance of a Mandamus is never a Matter of Right,but rests in the Court.

Dickens V. Second Court of Appeals,729 S.W. 2d 542,549(Tex.Crim.App.(1987); Here,Relator's Petition For Writ Of Mandamus Should be Grant because Relator h has demonstrate that the trial court has not Rule or denying his Motion For Evidentiary Hearing.

Further,to the extent that Relater's Petition For Writ Of Maundamus is attacking the 1988,The State Failed to Amend the Indictment,Pursuant to Article 28.10 and because he have no adequate remedied to address any errors. Relator's Petition for Writ Of Mandamus should be Grant.

Wherefore,Premises Considered,the Relator Prays the Court Grant Relator Petition for Writ Of Mandamus.

Respectfully Submitted,

*Michael Anthony Moore*

By: Michael Anthony Moore#487939
    Beto One Unit
    1391 FM 3328
    Tennessee Colony, Texas 75880

Page 4.

CERTIFICATE OF SERVICE
_____

A true copy of the above relator has been mailed to Respondent the Following:

1. JAVIS J. PARSON

   BRAZOS COUNTY DISTRICT ATTORNEY OFFICE

   300 E. 26th Street,Suite#310

   Bryan, Texas 77803,

On this The 9th Day of March,2015.


By: Michael Anthony Moore#487939

Cause No._____

IN THE

COURT OF CRIMINAL APPEALS

AUSTIN, TEXAS

_____

IN Re MICHAEL ANTHONY MOORE

Relator

VS.

JARVIS J. PARSPON

BRAZOS COUNTY DISTRICT ATTORNEY

Respondent

_____

Original Proceeding From The 272nd Judicial

District Court Of Brazos County Texas

Applicant For Writ Of Habeas Corpus

Cause No. 17,957-272

_____

BRIEF IN SUPPORT OF PETITION FOR WRIT OF MANDUMUS

_____

MICHAEL ANTHONY MOORE#487939

BETO ONE UNIT

1391 FM 3328

TENNESSEE COLONY, TEXAS 75880

PRO Se OF RECORD:

COUNSEL.

Page 1.

1. JARVIS J.PARSON

   BRAZOS COUNTY DISTRICT ATTORNEY

   300 E. 26th Street,Suite#310

   BRYAN, TEXAS 77803

   AND

2. MICHAEL ANTHONY MOORE#487939

   BETO ONE UNIT

   1391 FM 3328

   TENNESSEE COLONY, TEXAS 75880

## TABLE OF CONTENTS

Identity of parties and Counsel.......................................2

Argument.............................................................7

The Trial Court's Failre to Compy With Article 28.10.................5

Prayer..............................................................10

Certificate of Service..............................................12

## Index Of Authorities

**Cases**

Ex Parte, Chamber,

    612 S.W. 2d 573,574(Tex.Crim.App.(1981)............................. 4

Ex Parte Campos

    613 S.W. 2d 745,746(Tex.Crim.App.(1981)............................4

Rine V. State,

    28 S.W. 3d 561(Tex.Crim.App.(2000)................................5

Ward V. State,

    829 S.W. 2d 787,793(Tex.Crim.App.(1992)..........................5

Mccree V. Hampton,

    824 S.W.2d 579.....................................................6

Canadian Heliopters Ltd.V. Witting,

    879 S.W. 2d 304,305(Tex.(1994)...................................7

Johnson V. Fourth Court Of appeals,

    700 S.W. 2d 916,917(Tex.(1985)...................................7

    Orig.Proceeding).

Stoner V. Massey,

    586 S.W. 2d 843,846(Tex.(1979).................................. 7

State ex rel. Young V. Sixth Judicial Dist.Court Of Appeals at

Texarkana,

    236 S.W. 3d 207,210(Tex.Crim.App.(2007)...................9

Dickens V. Second Court Of Appeals,

    729 S.W. 2d 542,549(Tex.Crim.App.(1987...................10

**Texas Statutes**

Tex.Code Crim.Proc.Ann.art.11.07 § 4.......................3

Tex.Code Crim.Proc.Ann.art.11.073,,,,,,,,,,,,,,,,,,,,,,,,,3